IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | CR 10-1032-TUC-CKJ [CRP] |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| vs. | ) | |
| | ) | |
| | ) | |
| **MOSES ANTONIO SHEPARD,** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

In two separate motions filed on April 22, 2011, Defendant challenges the sufficiency of the Indictment. (Docs. 282, 283). Defendant's advisory counsel also filed two motions challenging the Indictment: a Motion for Bill of Particulars (Doc. 284) and a Motion to Strike Surplusage from the Indictment (Doc. 285). Defendant joined advisory counsel's motions. (Doc. 305). The Government responded to Defendant's *pro se* motions and later to advisory counsel's motions. (Docs. 286, 311, 312). Recently, Defendant filed a Motion for Indictment Debate Hearing and Reply Supporting Striking Surplusage. (Doc. 325).

Defendant contends, in essence, that the Indictment does not sufficiently allege he has violated the cited statutes. Advisory counsel asserts statutory interpretation arguments in the Motion to Strike Surplusage and contends, in the Motion for Bill of Particulars, that more detailed facts on the two charged counts should be made available to Defendant. The Court will first address Defendant's motions to dismiss along with advisory counsel's Motion to Strike Surplusage. The Court will then address the Motion for Bill of Particulars.

1  In considering a pre-trial motion to dismiss an indictment for failure to state an offense, the Court must accept the truth of the allegations in the indictment. *See United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996). In analyzing whether an offense has been properly charged, the Court is bound by the four corners of the indictment. *United States v. Boren*, 278 F.3d 911, 914 (9th Cir.2002). "The indictment either states an offense or it doesn't. There is no reason to conduct an evidentiary hearing." *Boren*, 278 F.3d at 914. An indictment is generally sufficient "if it sets forth the elements of the charged offense so as to ensure the right of the defendant not to be placed in double jeopardy and to be informed of the offense charged." *United States v. Rodriguez*, 360 F.3d 949, 958 (9th Cir.2004) (internal quotation marks and citation omitted).

Defendant is charged with two counts. Count One alleges:

> From on or about August 6, 2009, through April 13, 2010, at or near Tucson, in the District of Arizona, MOSES ANTONIO SHEPARD, with the intent to harass, intimidate, and cause substantial emotion distress to Linda Mari Arnaud, a person in another State, did use the mail, any interactive computer service, and any facility of interstate or foreign commerce to engage in a course of conduct that caused substantial emotional distress to Linda Mari Arnaud; to wit, MOSES ANTONIO SHEPARD repeatedly contacted Linda Mari Arnaud by means of electronic mail; in violation of Title 18, United States Code, Sections 2261A(2)(A) and 2261(b)(5) and (b)(6).

(Doc. 22).

Count One adequately alleges cyber-stalking. The statute states, in relevant part,

> Whoever –
> (2) with the intent --
> (A) to kill, injure, harass, or place under surveillance with the intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another State or tribal jurisdiction or within the special maritime and territorial jurisdiction of the United States . . . uses the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of death of, or serious bodily injury to, any of the persons described in clauses (i) through (iii) of subparagraph (B); shall be punished as provided in section 2261(b) of this title.

18 U.S.C. § 2261A(2). Count One tracks the language of the statute and provides dates and locations of communications comprising violations. The statute specifies six types of intent that can result in a violation of the statute. Using interstate commerce, including email, constitutes interstate stalking if a person engages in that activity across state lines with the

intent: to (1) kill, (2) injure, (3) harass, (4) place under surveillance with intent to kill, injure, harass, (5) intimidate, or (5) cause substantial emotional distress. 18 U.S.C. § 2261(A)(2).

The Court notes the Government cites a district case from West Virginia in which the court in that case identified, in *dicta*, five intentions under the statute. *See United States v. Shrader*, 2010 WL 2179572 at 4, footnote 3 (S.D.W.Va.2010). In *Shrader*, the district court included "intimidate" in the intentions that required a person to place a victim under surveillance. The Court disagrees with this interpretation. Intimidate is separated from the surveillance intentions by the conjunction "or". Intimidate stands alone as a separate intention someone can have to violate the statute.

Count One alleges that Defendant cyber-stalked the victim from August 6, 2009 through April 13, 2010 from Tucson through electronic mail with the intent to harass, intimidate and cause substantial emotional distress and that Defendant's conduct did cause the victim substantial emotional distress. The Count is sufficient and there is no surplusage.

Count Two alleges:

> On or about February 2007, MOSES ANTONIO SHEPARD traveled from Tucson, in the District of Arizona, in interstate or foreign commerce, with the intent to harass and intimidate Linda Mari Arnaud; to wit, MOSES ANTONIO SHEPARD traveled to West Hartford, Connecticut, in attempt to have contact with Linda Mari Arnaud, and did attempt to contact Linda Mari Arnaud while in West Hartford, Connecticut, and in the course of and as a result of such travel MOSES ANTONIO SHEPARD caused substantial emotional distress to Linda Mari Arnaud, in violation of Title 18, United States Code, Sections 2261A(1) and 2261(b)(5).

(Doc. 22). Count Two adequately alleges interstate stalking. The statute states, in relevant part,

> Whoever--
> (1) travels in interstate or foreign commerce or within the special maritime and territorial jurisdiction of the United States, or enters or leaves Indian country, with the intent to kill, injure, harass, or place under surveillance with the intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel places that person in reasonable fear of the death of, or serious bodily injury to, or causes substantial emotional distress to that person, a member of the immediate family (as defined in section 115) of that person, or the spouse or intimate partner of that person . . . shall be punished as provided in section 2261(b) of this title.

18 U.S.C. § 2261A(1). Count Two alleges that in February 2007, Defendant traveled from Tucson, Arizona to West Hartford, Connecticut in an attempt to contact the victim, that

1 Defendant did attempt to contact the victim and that Defendant's actions caused the victim 2 substantial emotional distress. Count Two tracks the language of the statute and provides a 3 date and location of the travel that comprised the violations.

4 In his Motion, Defendant contends not only that the Indictment is insufficient but also 5 that the statutes cited in the Indictment do not apply to him as he was not a romantic partner 6 of the victim. Defendant misinterprets the statutes. No personal relationship is required 7 between the perpetrator and victim in 18 U.S.C. § 2261A. It is sufficient that the perpetrator 8 committed one of the enumerated acts with one of the identified intents and caused the victim 9 one of the listed injuries. Defendant confuses the requirements of § 2261A with the 10 requirements of subsection § 2261(a). The offenses listed in 18 U.S.C. § 2261(a) are not 11 applicable to Defendant's case. Defendant is not charged with violating § 2261(a) and the 12 prosecution is not required to allege any elements from that subsection including the element 13 that the perpetrator have a personal relationship with the victim.

14 Defendant may have been confused because the Indictment cites § 2261, but only 15 subsection (b). The penalties listed in 18 U.S.C. § 2261(b) apply for the crimes outlined in 16 § 2261 *and*, as is the case for Defendant, for crimes listed in 18 U.S.C. §§ 2261A(1) and (2).

17 Similarly, Defendant also argues that he has not committed any violence against the 18 victim and that a crime of violence is required by the statutes. Defendant is incorrect. No 19 crime of violence is required to violate §§ 2261(A)(1) or (2). The prosecution does not have 20 to prove any of the elements of 18 U.S.C. § 2261(a) as Defendant is not charged with 21 violating that subsection of §2261. Rather, Defendant is charged with violating 18 U.S.C. 22 §§ 2261A(2) and (1). The prosecution has properly charged Defendant with the offenses and 23 informed Defendant of the charges against him. It is not required to do anything further in 24 the Indictment.

25 Defendant also makes a statutory interpretation argument, alleging the terms 26 "intimidate" and "harass" should be stricken from the Indictment as the statute, § 2261A, 27 requires first that a perpetrator place a victim under surveillance with the intent to intimidate 28 the victim. Thus, to simply intimidate a person is not a crime under the statute. Likewise,

1  Defendant argues "harass" cannot stand alone, rather the perpetrator must also intend to kill
2  and injure the victim. Advisory counsel makes a similar statutory interpretation argument
3  in the Motion to Strike Surplusage from the Indictment; specifically advisory counsel argues
4  "intimidate" and "cause substantial emotional distress" are specific intent terms that first
5  require the Government to allege the perpetrator "placed [the victim] under surveillance."
6  (Doc. 285). The Court disagrees with the arguments of both Defendant and advisory counsel.

7  First, "intimidate" does stand alone. The statute, § 2261A, provides cyber-stalking
8  can occur when someone uses email with the intent "to kill, injure, harass, or place under
9  surveillance with the intent to kill, injure, harass, or intimidate, or cause substantial emotional
10 distress..." 18 U.S.C. § 2261A(2). Defendant and advisory counsel argue intimidate is
11 connected to first placing a victim under surveillance and cannot be a stand-alone allegation.
12 They argue the perpetrator must first place a victim under surveillance with the intent to
13 intimidate. This is not a correct reading of the statute.

14 The commas and conjunctions must have meaning. The commas separate the
15 individual intents. A perpetrator can intend to kill a person, injure a person or harass that
16 person and specific intent would be satisfied if one of those three intentions occurred. A
17 perpetrator could also intend to place a person under surveillance with the intent to do either
18 of the three above actions (kill, injure or harass). Next, the statute has a comma and the
19 conjunction "or". These separate the next acts that satisfy the specific intent requirement.
20 A person can send an email intending to intimidate or intending to cause substantial
21 emotional distress. Neither of these types of intent require that the perpetrator place the
22 victim under surveillance. They are separate intents.

23 This reasoning also applies to the statutory language for Count Two. Defendant is
24 charged with traveling from Arizona to Connecticut to intimidate and cause the victim
25 substantial emotional distress in violation of 18 U.S.C. 2261A(1). The language of this
26 subsection parallels the language from subsection (2). It states, in relevant part, any person
27 who travels in interstate commerce "with intent to kill, injure, harass, or place under
28 surveillance with intent to kill, injure, harass, or intimidate another person, and in the course

of, or as a result of, such travel places that person in reasonable fear of the death of, or serious bodily injury to, or causes substantial emotional distress to that person..." 18 U.S.C. § 2261A(1). The act of intimidating is a separate form of intent. Defendant has been properly charged under the statute.

Defendant's argument that "harass" cannot stand alone as a form of specific intent is also incorrect. Harass is separated by a comma from other forms of specific intent and when read in the context of the statute, is an independent form of intent.

The Court notes Defendant's "Counter Indictment" is essentially a rehashing of his Motion to Challenge Indictment. (Doc. 283). There are some differences which the Court will not specifically address as the differences are Defendant's musings on which other subsections the prosecution should have or meant to charge him and alleged mistakes deriving from Defendant's complete misreading of the statutes under which he is charged.

The Court notes one misreading of the statute; Defendant alleges in Count Two that his intent actions must have caused the victim to fear death or serious bodily injury. This is not a correct reading of the statute. The statute states that a perpetrator's specifically intended action must put the victim "in reasonable fear of the death of, or serious bodily injury to, or causes substantial emotional distress to that person, a member of the immediate family (as defined in section 115) of that person, or the spouse or intimate partner of that person". 18 U.S.C. § 2261A. There are three results of a perpetrator's intended acts that result in violations of the statute. The perpetrator can put the victim in reasonable fear of death or serious bodily injury or cause substantial emotional distress. These are three independent, separate results. The prosecution has alleged Defendant caused the victim substantial emotional distress. That allegation is sufficient under the statute.

The final motion this order will address is advisory counsel's Motion for a Bill of Particulars. (Doc. 284). For Count One, advisory counsel requests Defendant receive all the dates, times, and locations of the alleged offenses including identifying all the emails that Defendant allegedly "repeatedly" sent to the victim. As to Count Two, Defendant requests

1  specifics on the time, date, and key circumstances surrounding his purported trip to West
2  Hartford, Connecticut.

3  As discussed above, the Government provided sufficient allegations in Count One.
4  Defendant now requests information about the emails he is accused of sending the victim.
5  The Government states it has provided Defendant with copies of all the emails and has
6  provided the defense with a copy of the electronic evidence in this case. The Indictment
7  alleges that the emails at issue in Count One occurred between August 6, 2009 through April
8  13, 2010. This is sufficient information for Defendant. He has a copy of all the emails and
9  he has the applicable dates. Defendant does not need a bill of particulars on this Count.

10  Count Two is also specific in its charges. It alleges that Defendant traveled in
11  February 2007 from Tucson, Arizona to West Hartford, Connecticut in violation of the inter-
12  state stalking statute. Defendant has the date of the allegation and he knows the specific
13  incident at issue. Like Count One, Defendant knows the date of the allege offense, location
14  of the offense, his conduct and intent that is at issue, the identity of the victim and the effect
15  of his actions on the victim. A bill of particulars is not needed on this Count.

16  **RECOMMENDATION**

17  For the reasons outlined above, the Magistrate Judge recommends that the District
18  Judge after her independent review and analysis:

19  **DENY** Defendant's Motion to Challenge Indictment. (Doc. 282).

20  **DENY** Defendant's Motion to Counter Indictment. (Doc. 283).

21  **DENY** Defendant's to Strike Surplusage from the Indictment. (Doc. 285).

22  **DENY** Defendant's Motion for Bill of Particulars. (Doc. 284).

23  **DENY** Defendant's Motion for Joinder to Motion to Strike Indictment Surplusage and
24  For Bill of Particulars. This motion should have been filed as a notice, stating Defendant's
25  intent to join advisory counsel's two motions. The Court accepted Defendant's joinder.
26  (Doc. 305).

27  **DENY** Defendant's Motion for Indictment Debate Hearing and Reply Supporting
28  Striking Surplusage. (Doc. 325).

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **cr-10-1032-CKJ**.

DATED this 9th day of June, 2011.

*Charles R. Pyle*

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE