IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MOSES ANTONIO SHEPARD,<br><br>Defendant.<br>_____ | CR 10-1032-TUC-CKJ [CRP]<br><br>**REPORT & RECOMMENDATION** |

Defendant brings two additional motions challenging the Indictment. (Docs. 328, 345). The Magistrate Judge addresses both of these motions in this Report and Recommendation and recommends that the District Court, after its independent analysis, deny the motions.

In his Motion to Dismiss for Lack of Probable Cause, Defendant argues the Government has not presented sufficient evidence to establish probable cause that Defendant acted with the intent to harass the victim; thus, Count Two is insufficient and should be dismissed.[1] (Doc. 328). Defendant supports this argument with a recent District of Arizona

---

[1] The Court notes Defendant requests that the complaint be dismissed, which included only one count against Defendant. (Doc. 1). The subsequently filed Indictment includes two

1 case in which the magistrate judge found "intent to harass" under the stalking statute, 18
2 U.S.C. § 2261A, requires that a the defendant must act with a specific purpose to cause an
3 adverse emotional reaction. *United States v. Infante*, 2010 WL 1268140, *4-5 (D.Ariz.
4 March 30, 2010). It is not sufficient that the defendant foresee that emotional upset is a
5 likely consequence of the action. *Id*. at *5. Based on facts presented by the government at
6 an evidentiary hearing, the magistrate judge in *Infante* found the government failed to
7 establish probable cause that defendant acted with intent to harass the alleged victim. *Id*. at
8 *8. Thus, the charge against the defendant was dismissed.

9     Defendant in this case argues the Government has failed to present evidence sufficient
10 to satisfy probable cause that he acted with intent to harass the victim. The Court disagrees.
11 As shown in the Government's response, the facts in Defendant's case differ significantly
12 from the facts of *Infante*. (*See* Doc. 337).

13     To begin, the facts supporting intent to harass in *Infante* occurred approximately eight
14 months after the defendant first met the victim and were limited in nature. In this case,
15 Defendant has engaged in a unrelenting pursuit of the victim across the span of 19 ½ years.
16 Defendant has made ongoing attempts to contact the victim after she explicitly told him
17 multiple times to stop contacting her and after numerous restraining orders were filed against
18 him. The victim has attempted to hide her contact information from Defendant and
19 Defendant has gone so far as to pay a service to find information on the victim's whereabouts.
20 This pattern of obtrusive, obsessive conduct indicates Defendant's intent to harass the victim.

---

24 counts and this Motion refers to Count Two of the Indictment. (Doc. 22). The Court will
address Defendant's Motion as a motion to dismiss Count Two of the Indictment. The Court
25 further notes that in Count Two, the Government alleges Defendant also acted with intent to
intimidate the victim. Defendant assumes in this Motion that "intent to intimidate" will be
26 dismissed per his Motion to Challenge Indictment, Counter Indictment, and Motion to Strike
Surplusage. (Docs. 282, 283, 285). In a prior Report and Recommendation, the Magistrate
27 Judge recommended that Defendant's prior motions challenging the Indictment be denied.
28 (Doc. 331). Thus, the Magistrate Judge addresses only the intent to harass element in this
Report and Recommendation.

Also different from Infante, Defendant attempted multiple in-person contacts with the victim. Defendant traveled from Arizona to Connecticut, unsolicited and unwanted, to see the victim. He made multiple phone calls to her residence, leaving messages telling her he was waiting down the street at a local grocery store. And in fact, Defendant did wait at that grocery store over the course of two days. Other incidents in their history show Defendant's attempt of in-person contact with the victim including showing up at her apartment in New York unannounced and grabbing her arm and showing up at the victim's sister-in-law's place of employment in Tucson intending to see the victim.

Further, Defendant has sent the victim allegedly threatening emails including an email about a man who killed a number of women because women had rejected him and an email of nude women doing yoga. Defendant also continued to contact the victim after traveling to Connecticut to see her. Finally, Defendant admits that he knew the victim was angry at him for his continued contact and he believed his persistence for in-person contact would help her vent some of that anger.

The evidence shows the Government has established probable cause that Defendant acted with intent and purpose to harass the victim. The Magistrate Judge recommends that this Motion be denied.

In his Motion to Terminate Count One with Prejudice Today, Defendant argues that he never traveled during the time period alleged in Count One and that travel is a necessary element for the crime. (Doc. 345). Defendant is incorrect. As pointed out in the Government's response, Count One alleges cyber-stalking. (Doc. 347; *see* Indictment, Doc. 22). Count One alleges that Defendant used "the mail, any interactive computer service, and any facility of interstate or foreign commerce" to engage in the prohibited conduct. (Doc. 22). The *sub-section* of the stalking statute under which Defendant is charged in Count One does not require interstate travel. *See* 18 U.S.C. 2261A(2). The Court has previously alerted Defendant to the different subsections of the statute under which he is charged and their specific elements. Defendant again misinterprets the statute by not considering the specific

1  subsection of the given count in the Indictment. The Magistrate Judge recommends that this
2  Motion be denied.

3  **RECOMMENDATION**

4  For the reasons outlined above, the Magistrate Judge recommends that the District
5  Judge after her independent review **DENY** Defendant's Motion to Dismiss for Lack of
6  Probable Cause (Doc. 328) and **DENY** Defendant's Motion to Terminate Count One with
7  Prejudice Today (Doc. 345).

8  Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file
9  written objections within fourteen days of being served with a copy of the Report and
10 Recommendation. If objections are not timely filed, they may be deemed waived. The
11 parties are advised that any objections filed are to be identified with the following case
12 number: **cr-10-1032-CKJ**.

13 DATED this 27th day of June, 2011.

*[signature]*

**CHARLES R. PYLE**
UNITED STATES MAGISTRATE JUDGE