**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | No. CR 10-1032-TUC-CKJ |
| vs. ) | |
| MOSES ANTONIO SHEPARD, ) | **ORDER** |
| Defendant. ) | |

On June 9, 2011, Magistrate Judge Charles R. Pyle issued a Report and Recommendation ("R and R") (Doc. 331) in which he recommended that the Motion to Challenge Indictment (Doc. 282) be denied, the Motion to Counter Indictment (Doc. 283) be denied, the Motion to Strike Surplusage From the Indictment (Doc. 285) be denied, the Motion for Bill of Particulars (Doc. 284) be denied, and the Motion for Indictment Debate Hearing and Reply Supporting Striking Surplusage (Doc. 325) be denied. The magistrate judge also recommended the Motion for Joinder to Motion to Strike Indictment Surplusage and for Bill of Particulars (Doc. 305) be denied.[1] The R and R notified the parties that they had fourteen days from the date of being served with the copy of the Report and Recommendation to serve and file any objections.

---

[1] The Magistrate Judge stated that this motion, indicating Defendant's intent to join advisory counsel's two motions, should have been filed as a notice of joinder. The magistrate judge accepted Defendant's joinder.

1   Advisory counsel filed objections to the R and R. *See* Docs. 350 and 351. Defendant
2   filed a Motion to Reconsider and Objections to R and R, in which he incorporates the
3   objections made by advisory counsel. *See* Doc. 359. The government has responded to the
4   objections. *See* Docs. 383 and 384.

*Dismissal/Surplusage*

As stated by the magistrate judge, "Defendant contends, in essence, that the Indictment does not sufficiently allege he has violated the cited statutes." R and R, p. 1. Similarly, advisory counsel asserts surplusage must be stricken based on statutory interpretation arguments. The magistrate judge determined that "[u]sing interstate commerce, including email, constitutes interstate stalking if a person engages in that activity across state lines with the intent: to (1) kill, (2) injure, (3) harass, (4) place under surveillance with intent to kill, injure, harass, (5) intimidate, or (6) cause substantial emotional distress." R and R, pp. 2-3, violates 18 U.S.C. § 2261A(2). However, to give this interpretation to the statute, Congress would have included additional language:

> Whoever –
>
> (2) with the intent –
>
> (A) to kill**[ or]** injure**[ or]** harass, or place under surveillance with the intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another State or tribal jurisdiction or within the special maritime and territorial jurisdiction of the United States . . . uses the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of death of, or serious bodily injury to, any of the persons described in clauses (i) through (iii) of subparagraph (B); shall be punished as provided in section 2261(b) of this title.

18 U.S.C. § 2261A(2), *with modifications in bold*.

However, the interpretation argued by the defense similarly does not withstand scrutiny. To accept Defendant's interpretation of the statute, Congress would have had to remove language:

> Whoever –
>
> (2) with the intent –

- 2 -

> (A) to kill, injure, harass, or place under surveillance with the intent to kill, injure, harass, **[ ]** intimidate, or cause substantial emotional distress to a person in another State or tribal jurisdiction or within the special maritime and te**R** and Ri**toria**l jurisdiction of the United States . . . uses the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of death of, or serious bodily injury to, any of the persons described in clauses (i) through (iii) of subparagraph (B); shall be punished as provided in section 2261(b) of this title.

18 U.S.C. § 2261A(2), *with modification in bold*.

In affording meaning to each conjunction included within the statute, the Court must recognize the conjunction "or" in the phrase "place under surveillance with the intent to kill, injure, harass, or intimidate[.]" Because that conjunction is included, the subsequent "or" between "intimidate" or "cause substantial emotional distress to a person" necessarily means that phrase is separated from "place under surveillance." The statute, therefore, is appropriately read as follows:

> Whoever, with the intent to
>
> 1. kill,
> 2. injure,
> 3. harass,
> 4. place under surveillance with the intent to kill, injure, harass, or intimidate, or
> 5. cause substantial emotional distress to a person in another State or tribal jurisdiction or within the special maritime and territorial jurisdiction of the United States . . .
>
> uses the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of death of, or serious bodily injury to, any of the persons described in clauses (i) through (iii) of subparagraph (B); shall be punished as provided in section 2261(b) of this title.

*See e.g. United States v. Shrader*, 2010 WL 2179572, *4, n. 3 (S.D.W.Va. 2010). Although the Court rejects the magistrate judge's conclusion regarding the intimidation allegations, the Court adopts the remainder of the R and R dealing with the dismissal/surplusage issues.

However, the indictment does not allege that Defendant, with the intent to place under surveillance with the intent to kill, injure, harass, or intimidate, used the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of

conduct . . . " In other words, although the government originally argued that Defendant's conduct could constitute surveillance, that was not alleged in the indictment. Although "[a]n indictment is not required to set out all those elements of the offense which must be found by the jury before they may find the accused guilty[, it] is sufficient 'that the necessary facts appear in any form, or by fair construction can be found within the terms of the indictment.'" *Stapleton v. United States*, 260 F.2d 415, 418 (9th Cir. 1958), *quoting Hagner v. United States*, 285 U.S. 417, 433, 52 S.Ct. 417, 420, 76 L.Ed. 861 (1956). The allegations in the indictment referring to using the mail, any interactive computer service, or any facility of interstate or foreign commerce and referring to traveling in interstate commerce cannot be said to have alleged necessary facts to allege intent to place under surveillance with the intent to intimidate. The reference in the indictment, therefore, to intimidation is not related to an alleged crime; the language is surplusage. The Court will grant, in part, the Motions to Counter Indictment and to Strike Surplusage and order reference to intimidation in Counts One and Two be stricken.

*Bill of Particulars*

A bill of particulars is "designed to apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). "In determining whether a bill of particulars should be ordered, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *Id*., *citation omitted*. The purposes of a bill of particulars is served if the indictment "provides sufficient details of the charges" and full discovery is made pursuant to Fed.R.Crim.P. 16. *United States v. Mitchell*, 744 F.2d 701 (9th Cir. 1984).

As summarized by the magistrate judge:

> As discussed above, the Government provided sufficient allegations in Count One. Defendant now requests information about the emails he is accused of sending the victim. The Government states it has provided Defendant with copies of all the

> emails and has provided the defense with a copy of the electronic evidence in this case. The Indictment alleges that the emails at issue in Count One occurred between August 6, 2009 through April 13, 2010. This is sufficient information for Defendant. He has a copy of all the emails and he has the applicable dates. Defendant does not need a bill of particulars on this Count.
>
> Count Two is also specific in its charges. It alleges that Defendant traveled in February 2007 from Tucson, Arizona to West Hartford, Connecticut in violation of the interstate stalking statute. Defendant has the date of the allegation and he knows the specific incident at issue. Like Count One, Defendant knows the date of the allege offense, location of the offense, his conduct and intent that is at issue, the identity of the victim and the effect of his actions on the victim. A bill of particulars is not needed on this Count.

R and R, p. 7.

The language of the indictment, along with the disclosures made by the government, adequately advises Defendant of the charges against him. Moreover, the defense argument that "the simple fact of traveling interstate is not per se a crime[,] Advisory Counsel Objections, Doc. 350, p. 4, fails to acknowledge that the statute requires additional conduct to make the interstate travel unlawful – such additional conduct has been alleged.

Further, the Court disagrees with the apparent defense assertion that a medical diagnosis is needed to prove substantial emotional distress. As stated by the *Shrader* court:

> . . . First, as a preliminary matter, the argument that substantial emotional distress must be proven by medical records necessarily presumes that victims of stalking under Section 2261A(2) seek counseling. Otherwise, if these victims did not seek counseling, convictions under Section 2261A(2) would be impossible and this provision would, therefore, be without effect. However, the unfortunate truth is that the vast majority of stalking victims do not seek any psychological counseling at all. See Patricia Tjaden and Nancy Thoennes, *Stalking in America: Findings From the National Violence Against Women Survey*, (United States Department of Justice, Washington, D.C.), April 1998, at 11 (finding that, in a survey of stalking victims, "[a]bout a third of the women (30 percent) and a fifth of the men (20 percent) said they sought psychological counseling as a result of their stalking victimization."). The argument that substantial emotional distress can only be proven at trial through medical records is at odds with the reality of what happens with the majority of stalking victims, and therefore leads to an untenable interpretation of Section 2261A(2).
>
> Substantial emotional distress need not be proven through medical records for other reasons as well. While it is the fear of death or serious bodily injury prong of Section 2261A(2) that contains the modifier "reasonable," the fact that the "substantial emotional distress" prong omits this modifier does not mean that medical records are required for proof of the latter. First, nothing in the plain text of Section 2261A(2) requires medical records to prove substantial emotional distress. Moreover, interpreting Section 2261A(2) to require medical records for proof of emotional distress would make the language of the provision redundant. The requirement that the fear of death or serious bodily injury be reasonable insures that such a fear in a

> victim is not without merit, and the statute's requirement that the emotional distress of a victim be substantial similarly ensures that the emotional distress of a victim meets a minimum quantum. Therefore, requiring medical records for proof of substantial emotional distress is an unnecessary requirement given that the text of the statute already sets a standard – "substantial" – for the emotional distress of a victim.
>
> Finally, Defendant's argument that substantial emotional distress must be proven by medical records is at odds with decisions from other courts. *United States v. Clement*, crim. no. 09-0337-01, 2010 U.S. Dist. Lexis 73985, *5, 2010 Westlaw 1812395, *2 (May 3, 2010 W.D.La.) (testimony of victim and law enforcement officer sufficient to prove emotional distress in a Section 2261A(2) case); *State v. Askham*, 120 Wash.App. 872, 883, 86 P.3d 1224 (2004) (expert testimony not required to establish the reasonable person standard for emotional distress); *Snowden v. State*, 677 A.2d 33, 38 (Del.1996) (same); *State v. McCarthy*, 294 Mont. 270, 276, 980 P.2d 629 (1999) (applying reasonable person test for determination of emotional distress or reasonably apprehended bodily injury); *State v. Martin*, 940 S.W.2d 6, 9 (Mo.App. W.D.1997) (Medical evidence to prove that victim suffered substantial emotional distress unnecessary "when there is substantial credible evidence from other sources to support such a finding."). *See also United States v. Bodkins*, crim. no. 4:04-CR-70083, 2005 U.S. Dist. Lexis 32420, *5, 2005 Westlaw 2179987, *2 (September 9, 2005 W.D.Va.) (regarding the reasonable fear of death or serious bodily injury in a Section 2261A(1) stalking case). . . .

*Shrader*, 716 F.Supp.2d 464, 474-75 (S.D.W.Va. 2010). Further, just as the *Shrader* court did not find the defense comparison to civil litigation to be well-taken, *id.*, at 475, the Court does not agree with the defense's comparison to *Miller v. Fairchild Industries, Inc.*, 797 F.2d 727, 737 (9th Cir. 1986). Not only does *Miller* deal with a civil claim seeking damages, but the *Miller* court was discussing "severe" distress. Moreover, the court ultimately determined that plaintiffs' statements that they experienced physical and emotional symptoms should be presented to a trier of fact to determine if they were causally related to the unlawful conduct. The *Miller* court did not require empirical proof or a medical diagnosis.

The Court finds that Defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government. A bill of particulars is not warranted.

Accordingly, IT IS ORDERED:

1. The Report and Recommendation (Doc. 331) is ADOPTED IN PART AND REJECTED IN PART.

2. The Motion to Challenge Indictment (Doc. 282) is DENIED.

3. The Motion to Counter Indictment (Doc. 283) is GRANTED IN PART.

4. The Motion to Strike Surplusage From the Indictment (Doc. 285) is GRANTED IN PART.

5. The Motion for Bill of Particulars (Doc. 284) is DENIED.

6. To the extent Defendant seeks to join in the arguments presented in the Motions to Strike Indictment Surplusage and for Bill of Particulars, the Motion for Joinder (Doc. 305) is GRANTED.

7. The Motion for Indictment Debate Hearing and Reply Supporting Striking Surplusage (Doc. 325) is DENIED.

8. Reference to intimidation in Counts One and Two of the Indictment are STRICKEN.

DATED this 27th day of July, 2011.

_____
Cindy K. Jorgenson
United States District Judge