IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Moses Shepard,<br><br>　　　　　　Defendant. | No. cr-10-1032-TUC-CKJ (CRP)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court are two motions filed by Defendant further challenging the Indictment. (Docs. 502, 503). In both Motions, Defendant's arguments are not clear. His current disputes with the Indictment appear to arise from a misunderstanding of how to read the statute under which he is charged in Count One.

In Count One, Defendant is charged with cyber-stalking in violation of 18 U.S.C. § 2261A(2)(A). (Doc. 22). The Government alleges Defendant intended to harass or cause substantial emotional distress to the victim by using the mail or email to contact the victim between August 6, 2009 and April 13, 2010. (Doc. 22, p. 1). The Government further alleges Defendant's conduct caused the victim substantial emotional distress. The

statute under which Defendant is charged reads in full:

> Whoever—
>
> **(1)** travels in interstate or foreign commerce or within the special maritime and territorial jurisdiction of the United States, or enters or leaves Indian country, with the intent to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate another person, and in the course of, or as a result of, such travel places that person in reasonable fear of the death of, or serious bodily injury to, or causes substantial emotional distress to that person, a member of the immediate family (as defined in section 115) of that person, or the spouse or intimate partner of that person; or
>
> **(2)** with the intent—
>
> **(A)** to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another State or tribal jurisdiction or within the special maritime and territorial jurisdiction of the United States; or
>
> **(B)** to place a person in another State or tribal jurisdiction, or within the special maritime and territorial jurisdiction of the United States, in reasonable fear of the death of, or serious bodily injury to—
>
> **(i)** that person;
>
> **(ii)** a member of the immediate family (as defined in section 115 [FN2] of that person; or
>
> **(iii)** a spouse or intimate partner of that person;
>
> uses the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury to, any of the persons described in clauses (i) through (iii) of subparagraph (B);
>
> shall be punished as provided in section 2261(b) of this title.

18 U.S.C.A. § 2261A.

In both Motions, it appears Defendant believes the final paragraph of the statute applies only to subsection (2)(B) of the statute. Thus, Defendant believes that cyber-stalking is not encompassed within subsection (2)(A). Based on this theory, he argues the Government mischarged him. Defendant is incorrect and misreads the statute. When subsection (2)(A) is read by itself, it reads in whole:

> Whoever—with the intent—to kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress to a person in another State or tribal jurisdiction or within the special maritime and territorial jurisdiction of the United States uses the mail, any interactive computer service, or any facility of interstate or foreign commerce to engage in a course of conduct that causes substantial emotional distress to that person or places that person in reasonable fear of the death of, or serious bodily injury to, any of the persons described in clauses (i) through (iii) of subparagraph (B) shall be punished as provided in section 2261(b) of this title.

18 U.S.C. § 2261A(2)(A).

In the first Motion, Defendant seeks to "sever" the intent to harass and the intent to cause substantial emotional distress from Count One. (Doc. 502). Defendant then requests the Court strike intent to harass "as violative of 2261A's intent and English grammar rules." (Doc. 502, p. 1). Defendant seems to argue that the intent to cause substantial emotional distress is not properly part of subsection (2)(B) but rather, is part of subsection (2)(A) of the statute. As Defendant is charged in the Indictment with violating subsection (2)(A), any interpretation of subsection (2)(B) is irrelevant to Defendant's charges. Defendant appears to further allege that intent to harass applies only to subsection (2)(A) and, in his reading of the statute, is separate from the act of using email. Thus, Defendant argues intent to harass cannot be an element of a cyber-stalking

charge. As noted above, the final paragraph in § 2261A applies to both subsection (2)(A) and subsection (2)(B). It is a violation of subsection (2)(A) to intend to harass someone through the use of email. Defendant's arguments in this Motion are without merit.

In his second motion challenging the Indictment, Defendant's argument again appears to arise from a belief that the final paragraph of the statute applies only to subsection (2)(B) of the statute. Therefore, Defendant argues the Government improperly charged him under subsection (2)(A) as, in Defendant's reading of the statute, cyber-stalking arises only under subsection (2)(B). Defendant is incorrect in his reading of the statute. As discussed above, the final paragraph of the statute applies to both subsection (2)(A) and subsection (2)(B). The two subsections outline different intents on the part of the alleged perpetrator. The final paragraph outlines the devices used to accomplish the intents as well as the result required from the intents to violate the statute. The final paragraph is part of both subsection (2)(A) and subsection (2)(B). As Defendant is charged under subsection (2)(A), the Government has properly alleged the necessary elements to charge cyber-stalking under subsection (2)(A). Further, no interstate travel is required to allege cyber-stalking under subsection (2)(A) as Defendant suggests in his Motion.

The statute is plain in its meaning. The Government properly alleges Defendant violated 18 U.S.C. § 2261A(2)(A) when he emailed or mailed the victim multiple times with the intent to harass her or with the intent to cause her substantial emotional distress and Defendant's behavior caused the victim substantial emotional distress. The

Indictment does track the language of the statute and the elements of the offense are properly identified and charged by the Government. The Magistrate Judge recommends Defendant's Motions be denied.

**Recommendation**

The Magistrate Judge recommends the District Court, after independent review, DENY Defendant's Motion to Sever Harass and S.E.D. in Count One, Then Strike Harass as Violative of 2261A's Intent & English Grammar Rules (Doc. 502) and DENY Defendant's Motion to Dismiss-Failure Citing "B" (Doc. 503).

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CR 10-1032-CKJ**.

Dated this 3rd day of October, 2011.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE