IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Moses Shepard,<br><br>　　　　　Defendant. | No. cr-10-1032-TUC-CKJ (CRP)<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court are four recently filed motions to dismiss with one supplement to the motions. (Docs. 568, 570, 575, 578, 571).[1] The Court addresses those motions and supplement in this Report and Recommendation.

In his Motion to Dismiss Indictment Pursuant to Precedent Defining Bona Fide Stalking, Alternatively Supplement to Motion to Re-Open Detention Hearing or De Novo Review, Defendant disputes the charges against him by citing other cases in which he opines the defendants' behavior was substantially worse than the actions with which he is accused. (Doc. 568). Defendant also again confuses the interpretation of the statute under which he is charged, as highlighted by the Government in its Response. (Doc. 607).

---

[1] The Magistrate Judge notes the Motion to Dismiss for Denial of Speedy Trial Right will be addressed in a separate Report and Recommendation. (Doc. 569).

Defendant discusses irrelevant topics in his reply. (Doc. 621).

In the Motion, Defendant is again challenging the sufficiency of the evidence against him. As this Court has previously informed Defendant, the jury will determine whether the evidence presented by the Government and by the defense at trial proves that Defendant is guilty or not guilty of the charges alleged. The Court will not determine guilt. In motions challenging the indictment, courts must determine only whether an indictment is sufficient and whether the government has probable cause to charge the defendant. These standards have been explained to Defendant, the Indictment has been analyzed under these standards and the Court has determined the Indictment is sufficient and the Government has probable cause to charge Defendant. The citations to cases in which other defendants' behavior is viewed by Defendant as worse than his own alleged behavior does not change the Court's responsibility in analyzing the sufficiency of the Indictment. It also does not change the Court's finding that the Indictment is sufficient. The Court further informs Defendant again that its finding that the Indictment is sufficient does not mean it has found Defendant guilty of the crimes alleged. The jury will ultimately determine whether Defendant is guilty.

Defendant, citing a Ninth Circuit case involving cyber-stalking, also again confuses the charges in his Indictment. Citing *United States v. Grob*, 625 F.3d 1209 (9th Cir.2010), Defendant argues he was improperly charged for cyber-stalking under 18 U.S.C. § 2261A(2)(A) as the defendant in *Grob* was charged with cyber-stalking under 18 U.S.C. § 2261A(2)(B). Defendant is incorrect in his argument. Both subsection (2)(A)

and subsection (2)(B) address cyber-stalking. The separate subsections address different actions and intents that can result in someone being guilty of cyber-stalking.

On a final note, the Court again informs Defendant that he cannot multi-purpose his motions. Defendant labels the current Motion both a motion to dismiss or in the alternative, a motion to re-open detention hearing. The Magistrate Judge has addressed this Motion as a Motion to Dismiss Indictment. The Magistrate Judge recommends the Motion to Dismiss be denied.

In his Motion to Dismiss for Denial of Due Process (5th Amendment U.S. Constitution), Defendant generally argues he has been treated unfairly in the pretrial process. (Doc. 570). As raised previously, Defendant argues lack of daily access to a computer and his pretrial detention at CCA prevent him from preparing for trial in January 2012. As noted in the Government's Response, Defendant's Motion to Dismiss is devoid of any factual or legal argument to support his motion to dismiss. (Doc. 603). The Magistrate Judge recommends the Motion to Dismiss be denied.

In his Motion to Dismiss Count One for Failure to Stand Alone Without 2261A (1), Defendant again incorrectly reads the statute under which he is charged in Count One. (Doc. 575). The Government, in its Response, points out Defendant's apparent misunderstanding of the statute. (Doc. 602). Defendant's reply addresses irrelevant issues. (Doc. 616).

Count One charges Defendant with cyber-stalking in violation of 18 U.S.C. § 2261A(2)(A). Defendant does not need to also be charged with subsection (2)(B). The

- 3 -

final paragraph of the statute applies to both subsection (2)(A) and subsection (2)(B). The interpretation of the statute has been analyzed by the Court and explained in written orders multiple times to Defendant. (Docs. 352, 518, 526). The Magistrate Judge recommends the Motion to Dismiss be denied.

In his Motion to Dismiss for Denied Access to the Courts, Alternatively, Notice Re: The Same, Defendant argues generally about the conditions at CCA. (Doc. 578). Defendant argues these conditions are inhibiting his ability to litigate his case. The Court notes the docket now stands at over 600 entries. Of those entries more than 280 are motions, notices, or objections filed by Defendant since he began representing himself. The prolific filings by Defendant do not support his contention that he lacks access to the court. Further, Defendant complains CCA has not updated its Lexis legal database and yet, in another recently filed motion, Defendant described in detail his access to a computer on which the Lexis database was being updated. (*See* Doc. 567). The Magistrate Judge recommends the Motion to Dismiss be denied.

Defendant's Supplement to Motions to Strike Indictment Surplusage Using Legal Definitions (B.L.D.) does not change the Court's recommendations. (Doc. 571). In the Supplement, Defendant argues he cannot be found guilty based on dictionary definitions of words he deems critical to the determination. Defendant is charged based on the Indictment not based on words he deems relevant from the dictionary.

**Recommendation**

The Magistrate Judge recommends the District Court, after independent review,

DENY Defendant's Motions to Dismiss Indictment. (Docs. 568, 570, 575, 578).

Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within fourteen days of being served with a copy of the Report and Recommendation. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CR 10-1032-CKJ**.

Dated this 10th day of November, 2011.

_____
CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE