**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. CR 10-1032-TUC-CKJ |
| MOSES SHEPARD, | ) ) | **ORDER** |
| Defendant. | ) ) | |

Pending before the Court are the Motion to Dismiss for Denial of Speedy Trial Right and to Withdraw PC-Court Access (Doc. 569), filed by Defendant Moses Shepard ("Shepard"). Also pending before the Court is the Motion to Compel Production of Medical or Psychological Records and E-Mails from Alleged Victim (Not to be heard unless *Pro Se* representation is terminated) (Doc. 604) and the Motion to Dismiss Indictment Void for Vagueness and Motion to Dismiss Indictment as Applied to Defendant (Not to be heard unless *Pro Se* representation ends) (Doc. 605). Shepard has filed a Joinder to these motions (Docs. 642, 643). The magistrate judge has taken these issues under advisement.[1] The Court having terminated the referral, the Court will consider the pending motions.

Also pending before the Court are the Motion in Limine – Provisional in Nature Given Denial of Fairness (Doc. 553). The magistrate judge addressed this motion during the November 22, 2011, hearing, but has not issued a formal order regarding the issues. Also

---

[1]The Court notes that the magistrate judge issued orders during the December 15, 2011, that were not included in the minute entry. The Court will reissue those orders.

pending before the Court are the Motion to Extend Deadlines Re: Limine & Subpoena Argument, Evidence Disclosure, Witness List, Evidence List for Cause (Doc. 644), the Motion to Extend Deadline to Submit Witness List, Exhibit List, Newly Discovered Evidence (Doc. 645), the Motion to Extend Deadline to Submit Argument Supporting Subpoena List (Doc. 648), the Objection to MJ CRP Order Requiring Subpoena Argument by 12/15 Without FPDs (Doc. 649). The magistrate judge addressed these issues during the December 15, 2011, hearing, but has not issued a formal order regarding these issues. The referral having been terminated, the Court will address these issues.

Also pending before the Court are the Notice of Progress Report Re: Computer Forensic Investigation & Need for More PC-Access Time at CCA Beyond 35 Hours (Doc. 651), the Objection to MJ CRP Order Doc. 634 Re: Leaving a PC at CCA for Only 35 Hours (Doc. 652), the Objection to MJ CRP Order Denying FRE 615(3) Exclusion of Witnesses at Trial (Doc. 654), the Motion to Extend Deadline to Complete Defendant Exhibit List & Working Defense Exhibit List (Doc. 669), and the Objection to MJ CRP 12/15/11 Order Denying Motion Docs 644, 645, 648, and 649 (Doc. 671) filed by Shepard.

During the January 11 and 12, 2012, status conferences, the Court considered Shepard's Motion to Continue Trial (Doc. 679) and a stay pending resolution of the appeals before the Ninth Circuit. The Court confirmed the trial date and informed the parties that a more formal order would follow. Additionally, the Court will consider Shepard's Request that this matter be stayed in his Notice of Interlocutory Appealable Order of DJ CKJ Re: Denial of Trial Continuance and-or Faretta Rights and Motion to Stay (Doc. 691). Lastly, the Court notes that Shepard's Reply to the Motion to Dismiss for Denial of Speedy Trial Right (Doc. 680) includes a Motion to Extend Time to Gain Advisory Counsel and a Motion for Evidentiary Hearing.

The Court advises the parties that, in addition to reviewing the documents, the Court has reviewed the transcript of the November 28, 2011, hearing and the recording of the December 15, 2011, hearing. Additionally, the Court has considered the arguments presented during the January 11 and 12, 2012, status conferences.

I. *Shepard's Motion to Continue Trial and Notice of Interlocutory Appealable Order of DJ CKJ Re: Denial of Trial Continuance and-or Faretta Rights and Motion to Stay* (Docs. 691 and 679)

On November 18, 2011, this Court issued an Order that denied Shepard's Motion to Sever Harass and S.E.D. in Count One, Then Strike Harass as Violative of 2261A's Intent & English Grammar Rules (Doc. 502) and Shepard's Motion to Dismiss – Failure Citing "B" (Doc. 503). On December 14, 2011, Shepard filed a Notice of Appeal Re: Order Doc 630 Not Modifying Indictment as to Count One. *See* Doc. 646. On December 14, 2011, the Ninth Circuit Court of Appeals issued a briefing schedule with a March 14, 2012, deadline for the opening brief and an April 13, 2012, deadline for the answering brief.

On December 14, 2011, this Court issued an Order denying Shepard's Motion to Dismiss Indictment Pursuant to Precedent Defining Bona Fide Stalking, Alternatively Supplement to Motion to Re-Open Detention Hearing or De Novo Review (Doc. 568), Shepard's Motion to Dismiss for Denial of Due Process (5th Amendment U.S. Constitution) (Doc. 570), Shepard's Motion to Dismiss Counts: Count(s) One for Failure to Stand Alone Without 2261A (1) (Doc. 575), and Shepard's Motion to Dismiss for Denied Access to the Courts, Alternatively, Notice re: the Same (Doc. 578). *See* Doc. 641. On December 29, 2011, Shepard filed a Notice of Appeal Re: Order Doc 641 as to Most Especially Denial of Due Process Etc. *See* Doc. 672. On December 29, 2011, the Ninth Circuit Court of Appeals issued a briefing schedule with a March 29, 2012, deadline for the opening brief and an April 30, 2012, deadline for the answering brief.

During the January 11 and 12, 2012, status conferences, this Court found that it retained jurisdiction of this matter and confirmed the trial date. On January 12, 2012, Shepard filed a Notice of Interlocutory Appeal of Final Appealable Order of DJ CKJ Re: Denial of Trial Continuance and-or Faretta Rights and Motion to Stay. *See* Doc. 691.

"Ordinarily, if a defendant's interlocutory claim is considered immediately appealable under *Abney*, the district court loses its power to proceed from the time the defendant files its notice of appeal until the appeal is resolved." *United States v. LaMere*, 951 F.2d 1106, 1108 (9th Cir. 1991); *see also Abney v. United States*, 431 U.S. 651, 662, 97 S.Ct. 2034, 52

L.Ed.2d 651 (1977); *United States v. Lewis*, 368 F.3d 1102, 1107 (9th Cir. 2004). The Ninth Circuit has stated:

> Under 28 U.S.C. § 1291, criminal cases generally are not subject to appellate review "until after conviction and sentence." *See Flanagan v. United States*, 465 U.S. 259, 263, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984); *United States v. Pace*, 201 F.3d 1116, 1118 (9th Cir.2000). Courts, however, have carved out a small class of cases from this jurisdictional bar under the "collateral order doctrine." *Pace*, 201 F.3d at 1119. To fall within this exception, the appealed order must "1) 'conclusively determine the disputed question,' 2) 'resolve an important issue completely separate from the merits of the action,' and 3) 'be effectively unreviewable on appeal from a final judgment.' " *United States v. Bird*, 342 F.3d 1045, 1046 (9th Cir.2003), *quoting Coopers & Lybrand v. Livesay*, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)).

*United States v. Lewis*, 368 F.3d 1102, 1104 (9th Cir. 2004).

The issues before the Ninth Circuit are the Court's adoption of the Report and Recommendation that interpreted 18 USC 2261A, the Court's adoption of the Report and Recommendation denying multiple motions to dismiss,[2] and the Court's denial of a trial continuance or a stay. The Court finds these issues are not effectively unreviewable on appeal from a final judgment. A stay of this matter is not appropriate.

Moreover, the Court has considered that, during the January 11, 2012, hearing, Shepard indicated he was not certain he wanted a trial continuance (Shepard submitted a document to withdraw his motion to continue the trial, then changed his mind), the government and alleged victim oppose a trial continuance, Shepard has had a copy of his hard drive and paper copies of disclosure materials, and Shepard has been provided with the use of a laptop for 35 hours to complete specific tasks and for additional hours to complete other tasks. Further, Shepard has been repeatedly advised by this Court and the magistrate judge of the responsibilities and consequences of self-representation. Additionally, this matter has been pending since April 13, 2010; numerous motions have been resolved and numerous case management proceedings have been conducted. The Court also considers the best interests of the public in a resolution of this matter. The Court finds that the ends of justice are not served by granting a continuance in light of the foregoing considerations and

---

[2]The Court notes Shepard did not file an objection to the Report and Recommendation.

the best interests of the public. Further, the Court does not find that the failure to grant the continuance is likely to result in a miscarriage of justice if the parties are required to go to trial on the present trial date.

II. *Motion to Dismiss for Denial of Speedy Trial Right and to Withdraw PC-Court Access* (Doc. 569)

"The Speedy Trial Act of 1974 establishes specific time limits for completing the key stages of a federal criminal prosecution." Speedy Trial, 90 Geo.L.J. 1454, 1462-63 (2002); see also 18 U.S.C. §§ 3161-3174. "The purpose of the Act is to protect defendants' constitutional right to speedy indictment and trial, and to serve the public interest in bringing prompt criminal proceedings." 90 Geo.L.J. at 1462-63, n. 1193. The right to a speedy trial is different from other constitutional rights "because there is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused." 9 Fed.Proc., L.Ed. § 22:1247. A "defendant bears the burden of proving a violation of the Act, but the government has the burden of producing evidence concerning an exclusion of time under § 3161(h)(3). 90 Geo.L.J. at 1474, n. 1218. A defendant may not waive the application of the Act be either consent or waiver. *Zedner v. United States*, 547 U.S. 489, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006).

The Speedy Trial Act provides:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). "When the defendant is arrested prior to indictment, and makes an initial appearance before a magistrate who orders him held to answer the charges in the district court, the seventy-day pretrial period runs from the date of his indictment." *United States v. Haiges*, 688 F.2d 1273, 1274 (9th Cir. 1982).

In this case, Shepard was indicted on May 12, 2010. The original trial date was scheduled for July 20, 2010. A motion to continue the arraignment (Doc. 28) excluded one

day from calculation and a motion to seal/motion for reconsideration (Docs. 35 and 36) were pending from June 28, 2010, until after the original trial date. In other words, as of the original trial date, 46 non-excludable days had passed. *See* 18 U.S.C. § 3161(h)(1)(D) ("delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion" is excludable); *United States v. Daychild*, 357 F.3d 1082, 1095 (9th Cir. 2004) ("For purposes of calculating time under the Speedy Trial Act, it does not matter what type of pretrial motion is filed to invoke the exclusion of [§ 3161(h)(1)(D)], because the language of the statutory exclusion for delay, from the filing of the motion until its prompt disposition, is unqualified as to the type of motion."); *United States v. Dirden*, 38 F.3d 1131 (10th Cir. 1994) (18 U.S.C. § 3161(h)(1)(D) must be read in conjunction with 18 U.S.C. § 3161(h)(1)(H) which allows an exclusion of up to 30 days while a district court has a motion under advisement; 30 day under advisement period did not begin to run until date magistrate judge received transcript of hearing on suppression motion).

On July 12, 2010, Shepard requested the trial date be continued for 60 days because additional time was needed for trial preparation and possible review of detention issues. *See* Doc. 44. The Court found that the ends of justice served by granting a continuance outweighed the best interests of the public and the defendant in a speedy trial. The Court further found that failure to grant the continuance was likely to result in a miscarriage of justice if Shepard was required to go to trial on the scheduled trial date. The Court granted the continuance, reset the trial to September 21, 2010, and that found excludable delay began on July 21, 2010, and ended on September 21, 2010. *See* Doc. 48. The Court confirms its previous findings regarding this motion to continue.

On July 27, 2010, the defense filed a Motion for Faretta Hearing to Determine Counsel (Doc. 53). On September 7, 2010, the magistrate judge ordered Shepard be evaluated to determine whether he was competent to proceed and competent to represent himself; all hearings and deadlines were stayed pursuant to 18 U.S.C. § 3161(h)(1)(A). Excludable delay under 18 U.S.C. §3161(h)(1)(A) was found to begin on August 11, 2010,

and end upon the Court's determination of competency.  On October 20, 2010, the Order that Shepard be evaluated and the associated stay were vacated; the matter was set for trial on December 7, 2010.  The Court confirms the time between September 7, 2010, at December 7, 2010, is excludable.[3]

On November 22, 2010, and November 28, 2010, Shepard filed motions to continue trial because additional time was needed to hire an attorney, resolve pretrial motions and Ninth Circuit appeal, and to prepare for trial.  *See* Docs. 99 and 103.[4]  The Court found that the ends of justice served by granting a continuance outweighed the best interests of the public and the defendant in a speedy trial.  The Court further found that failure to grant the continuance was likely to result in a miscarriage of justice if Shepard was required to go to trial on the scheduled trial date.  The Court granted the continuance, reset the trial to January 11, 2011, and that found excludable delay began on December 8, 2010, and ended on January 11, 2011.  *See* Doc. 102.  The Court confirms its previous findings regarding these motions to continue.

On December 28, 2010, Shepard filed a motion to continue trial because additional time was needed to hire an attorney, resolve pretrial motions and Ninth Circuit appeal, and to prepare for trial.  *See* Doc. 125.  The Court found that the ends of justice served by granting a continuance outweighed the best interests of the public and the defendant in a speedy trial.  The Court further found that failure to grant the continuance was likely to result in a miscarriage of justice if Shepard was required to go to trial on the scheduled trial date. The Court granted the continuance, reset the trial to February 23, 2011, and found that

---

[3]Additionally, as discussed in the government's January 13, 2012, response, Shepard was granted the right to represent himself on October 20, 2010.  The Court finds the ends of justice served by granting the continuance outweighed the best interests of the public and the defendant in a speedy trial.  The Court further finds that failure to grant the continuance was likely to result in a miscarriage of justice if Shepard was required to go to trial on the scheduled trial date.

[4]The Court notes that in a subsequent filing, Shepard asserts the typed motion to continue, i.e., Doc. 103, was filed in error.

excludable delay began on January 12, 2011 and ended on February 23,2011. *See* Doc. 127. The Court confirms its previous findings regarding these motions to continue.

On January 14, 2011, Shepard filed a motion to continue trial until May 2011 for the reasons set forth in prior continuance motions. *See* Doc. 140. The government filed a response in which it indicated that it did not object to the continuance, but requested trial be set in June 2011 to accommodate the schedule of the alleged victim. The Court found that the ends of justice served by granting a continuance outweighed the best interests of the public and the defendant in a speedy trial. The Court further found that failure to grant the continuance was likely to result in a miscarriage of justice if Shepard was required to go to trial on the scheduled trial date. The Court granted the continuance, reset the trial to June 14, 2011, and that found excludable delay began on February 24, 2011 and ended on June 14,2011. *See* Doc. 177. The Court confirms its previous findings regarding this motion to continue.

On May 18, 2011, and May 20, 2011, the government filed motions to continue the trial because of the unavailability of the alleged victim. The government also pointed out that Shepard stated during a May 16, 211, hearing that, unless he was immediately released from custody it would be impossible for him to be prepared for trial on June 14, 2011. *See* Docs. 310 and 317. The Court found that the ends of justice served by granting a continuance outweighed the best interests of the public and the defendant in a speedy trial. The Court further found that failure to grant the continuance was likely to result in a miscarriage of justice if the government was required to go to trial on the scheduled trial date. The Court granted the continuance, reset the trial to August 9, 2011, and found that excludable delay began on June 15, 2011 and ended on August 9, 2011. *See* Doc. 321. The Court confirms its previous findings regarding this motion to continue. 18 U.S.C. § 3161(h)(7)(B)(i).

On July 13, 2011, Shepard filed a motion to continue the trial until the defense says it is ready. *See* Doc. 393. The government did not oppose a continuance if the Court found that Shepard's request for additional time was reasonable and necessary to adequately

prepare for trial, but requested that a firm trial date be set that was convenient for both government counsel and the alleged victim. During a July 28, 2011, hearing, the Court granted the continuance, found the time was excludable based on Shepard's need to prepare for trial, and set the matter for trial on November 1, 2011. *See* Doc. 430. Additionally, Shepard informed the Court that, if he was home with a computer, he could probably be ready for trial in six to seven months. Following the filing of a notice of trial conflict by the government, *see* Doc. 433, the Court reset the matter for trial on January 17, 2012. The Court found excludable delay began on November 1, 2011, and ended on January 17, 2012. *See* Doc. 469. In light of Shepard's stated need for additional time to prepare, the Court confirms its previous findings regarding this motion to continue.

Accordingly, the Court finds that, as of the January 17, 2012, trial date, 46 non-excludable days will have passed. The January 17, 2012, trial date is in compliance with the Speedy Trial Act.

Indeed, it does not appear that Shepard is making his argument pursuant to the Speedy Trial Act. Rather, he asserts issues, many previously argued, regarding accommodation of witness schedules, his detention, disclosure by the government, access to a computer, and evidence regarding the charges (i.e., evidence span of 17 years although the indictment only covers ten months). However, Shepard has not provided any authority that dismissal is appropriate. Rather, in light of Shepard consistently having asserted that additional time was needed to prepare, *see* 18 U.S.C. § 3161(h)(7)(B)(iv),[5] and the numerous motions filed in this case, *see* 18 U.S.C. §§ 3161(h)(1)(D) and (H), the Court finds Shepard's right to a speedy trial has not been violated. The Court will deny the Motion to Dismiss for Denial of Speedy Trial Right.

Included in the motion is Shepard's request to Withdraw his Motion for More PC-Access Downtown. Because Shepard has been provided a laptop for use at CCA, the Court

---

[5]Indeed, even in the Motion to Dismiss for Denial of Speedy Trial Right, Shepard refers to the Court forcing him to trial before he's ready.

will deny this request as moot.

III. *Motion to Compel Production of Medical or Psychological Records and E-Mails from Alleged Victim* (Docs. 604 and 643)

Shepard asserts that, because the government must establish that the alleged victim suffered substantial emotional distress, 18 U.S.C. § 2261A, the alleged victim's psychological records need to be provided to the defense. The defense also argues that even if no such records exist, that may be exculpatory in the jury's mind. The government asserts that the Crime Victims Rights Act provides that a crime victim has the right to be treated with fairness and with respect for the victim's dignity and privacy. 18 U.S.C. § 3771(a)(8).

Counsel for the government has advised the Court that the alleged victim did not seek psychological treatment as a result of the alleged conduct of Shepard; i.e., no psychological records exist. The Court will deny the request for disclosure as moot. However, the Court agrees with the defense that inquiry as to whether treatment was sought is an appropriate area for inquiry at trial. *United States v. Thompson*, 37 F.3d 450, 454 (9th Cir. 1994) ("Because evidence comes in various forms, some stronger and some weaker, a defendant is entitled to argue to the jury that the government's failure to present a particular type of strong evidence against [him] – e.g., fingerprints – weakens its case." District court could limit the use of such lack of evidence.).

Shepard also asserts, for the same reason, that the alleged victim's emails forwarding the emails Shepard sent her, along with any attendant comments and/or observations by her in the forwarded emails, need to be disclosed to the defense. The government asserts that it has provided to the defense copies of emails from the victim to law enforcement in which the alleged victim forwarded the emails she received from Shepard. Further, the government states that it has complied with the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), and will continue to do so.

The Court finds such items to be material. Fed.R.Crim.P. 16(a)(1)(E)(i) (upon a defendant's request, government must provide to the defense any item that is material to

preparing the defense, any item the government intends to use in its case-in-chief, or any item that was obtained from or belongs to defendant); *United States v. Santiago*, 46 F.3d 885, 894 (9th Cir. 1995) ("information helpful to the defense" is material). Further, the Court does not find there is a legitimate expectation of privacy in the emails. *See Guest v. Leis*, 255 F.3d 325, 333 (6th Cir.2001) (An individual sending an email loses "a legitimate expectation of privacy in an e-mail that has already reached its recipient"); *United States v. Lifshitz*, 369 F.3d 173, 190 (2d Cir.2004) (An individual may not "enjoy [] an expectation of privacy in transmissions over the Internet or e-mail that have already arrived at the recipient"); *United States v. Perrine*, 518 F.3d 1196, 1204-05 (10th Cir.2008) ("Every federal court to address this issue has held that subscriber information to an internet provider is not protected by the Fourth Amendment's privacy expectation") (collecting cases); *see also United States v Borowy*, 595 F.3d 1045 (9th Cir. 2010) (addressing peep-to-peer file-sharing).[6]

The Court finds disclosure of the emails from the alleged victim to Shepard during the 17 year time period, the emails written by Shepard which the alleged victim forwarded to other persons, and other correspondence the alleged victim had with other person regarding Shepard, if they are within the government's possession, custody or control is appropriate. *See United States v. Gatto*, 763 F.2d 1040 (9th Cir. 1985) (Congress did not intend constructive possession extension; because neither government officials nor FBI agents had actual possession, custody, and control of evidence gathered from trash search, government not required to disclose evidence); *United States v. Sarras*, 2007 WL 3231797 (M.D.Fla. 2007). The Court will direct the government to forthwith disclose any such materials if they have not yet been disclosed.

. . . . .

. . . . .

. . . . .

---

[6]The Court finds cases that discuss the issue under the Fourth Amendment provide guidance.

IV. *Motion to Dismiss Indictment Void for Vagueness and Motion to Dismiss Indictment as Applied to Defendant* (Docs. 605 and 642)

A. *Void for Vagueness*

The defense asserts that dismissal is appropriate because 18 U.S.C. § 2261A is unconstitutionally vague. A statute of the United States Code is presumed to be valid and any analysis of the constitutionality of a statute begins with this presumption. *United States v. National Dairy Products Corp.* 372 U.S. 29 (1963); *United States ex rel. Madden General Dynamics Corp.*, 4 F.3d 827-830 (9th Cir. 1993). A statute is unconstitutionally vague if it does not clearly define the conduct that is prohibited or if enforcement of the statute by police officers and courts would be arbitrary and discriminatory. *Grayned v. City of Rockford*, 408 U.S. 104 (1972); *see also Hill v. Colorado*, 530 U.S. 703, 732 (2000); *Nunez v. City of San Diego*, 114 F.3d 935 (9th Cir. 1997).

Shepard asserts that the statute fails to clearly define prohibited conduct, namely, the phrase "substantial emotional distress." Shepard also points out that the phrase is also not defined in the statutory notes, the indictment, or federal case law. Further, Shepard argues that the vague and ambiguous nature of "substantial emotional distress" allows a federal prosecutor to unilaterally determine what equals "substantial emotional distress," inevitably permitting prosecutorial decisions based on evidence failing to rise to "substantial." However, Shepard has not provided any authority that every phrase in a statute must be defined or that the degree of prosecutorial discretion is determinative of whether a statute is constitutional. Moreover, it is a grand jury that has determined that probable cause existed to believe that the alleged victim suffered substantial emotional distress and a trial jury that will determine if the government has established beyond a reasonable doubt that the alleged victim suffered substantial emotional distress.

Shepard also argues that a defendant accused of stalking has no way of knowing when his or her conduct actually caused substantial emotional distress to another person because the phrase "substantial emotional distress" does not have a well understood common definition. *See e.g., United States v. Sutcliffe*, 505 F.3d 944 (9th Cir. 2007) ("ordinary citizen

can understand what is meant by the terms 'threat to kidnap' and 'threat to injure,' upholding the constitutionality of 18 U.S.C § 875). However, as argued by the government, Shepard does not explain how a person of ordinary intelligence could not understand this phrase. Moreover, the Supreme Court has recognized:

> [T]he requirement of a specific intent to do a prohibited act may avoid those consequences to the accused which may otherwise render a vague or indefinite statute invalid. The constitutional vice in such a statute is the essential injustice to the accused of placing him on trial for an offense, the nature of which the statute does not define and hence of which it gives no warning. [Citation omitted.] But where the punishment imposed is only for an act knowingly done with the purpose of doing that which the statute prohibits, the accused cannot be said to suffer from lack of warning or knowledge that the act which he does is a violation of law. The requirement that the act must be willful or purposeful may not render certain, for all purposes, a statutory definition of the crime which is in some respects uncertain. But it does relieve the statute of the objection that it punishes without warning an offense of which the accused was unaware.

*Screws v. United States*, 325 U.S. 91, 101-102 (1945) (plurality opinion). To violate 18 U.S.C. § 2261A, a defendant must act with the intent to "kill, injure, harass, or place under surveillance with intent to kill, injure, harass, or intimidate, or cause substantial emotional distress" to another person, and must actually cause substantial emotional distress to another person. There is no requirement that a defendant must be aware of the exact point where his conduct causes substantial emotional distress.

Although Shepard argues that a person's First Amendment rights may be infringed because that person may refrain from expressing an idea or innocuous thought because of the alleged vagueness, it is a defendant's intent to kill, injure, or harass, etc. that precludes 18 U.S.C. § 2261A from infringing on First Amendment rights when a person expresses him or herself without the intent proscribed by the statute. The Court finds 18 U.S.C. § 2261A is not unconstitutionally vague on its face. *United States v. Shrader*, 1:09-0270, 2010 WL 2179572 (S.D.W.Va. 2010).[7]

---

[7]The Court notes that the government cites a number of additional cases in which the statute was found to be constitutional.. However, *United States v. Young*, 202 F.3d 262 (4th Cir. 1999), *unpublished*, *United States v. Vollmer*, 1 Fed.Appx. 573 (8th Cir. 2001), *unpublished*, *United States v. Rettinger*, 2006 WL 3463424 (D.N.D. 2006), *United States v. Crawford*, 2001 WL 185140 (D.Me. 2001), *see also United States v. Bell*, 303 F.3d 1187 (9th

- 13 -

B. *Constitutionality as Applied to Shepard*

Shepard also asserts that, as applied to him, 18 U.S.C. § 2261A is unconstitutional. He points out that the Supreme Court has held that the First Amendment:

> do[es] not permit [the government] to forbid or proscribe advocacy of the use of force or of law violation except where such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action.

*Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969). Therefore, Shepard asserts that, for the speech at issue to fall outside the purview of the First Amendment, this Court must determine whether the speech (1) invited imminent lawlessness and (2) that the imminent lawlessness was likely to occur. However, Shepard has not provided any authority that *Brandenburg* is the only basis to conclude speech is not protected by the First Amendment. Rather, freedom of speech "is not an unlimited, unqualified right . . . the societal value of speech must, on occasion, be subordinated to other values and concerns." *Dennis v. United States*, 341 U.S. 494, 505 (1951); *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571 (1942) (benefit of speech which is of slight social value may be outweighed by social interest in order and morality). The freedom of speech "referred to by the First Amendment does not include a freedom to disregard these traditional limitations." *R.A.V. v. City of St. Paul, Minn.*, 505 U.S. 377, 382 (1992); *see also Watts v. United States*, 394 U.S. 705 (1969) ("true threats" are not protected by the First Amendment); *Giboney v. Empire Storage & Ice Co.* 336 U.S. 490, 498 (1949) (speech integral to criminal conduct is not protected by the First Amendment).

The government asserts that the statute regulates conduct and not speech; because it does not make any distinction based on content, it is not invalid. However, in *United States v. O'Brien*, 391 U.S. 367, 377 (1968), the Court stated that in situations where "'speech' and 'nonspeech' elements are combined in the same course of conduct" a government regulation must still pass intermediate scrutiny. *See also Doe v. Reed*, 586 F.3d 671, 678 (9th Cir. 2009). A content-neutral regulation of conduct that has an incidental impact on speech

---

Cir. 2002), involved a former version of the statute that did not include, for example, causing substantial emotional distress.

survives intermediate scrutiny if "'it furthers an important or substantial governmental interest; if the governmental interest is unrelated to the suppression of free expression; and if the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest.'" *See Satellite Broad. & Comm'cns Ass'n v. Fed. Comm'cns Comm.*, 275 F.3d 337, 355 (4th Cir.2001), *citing O'Brien*.

In *United States v. Cassidy*, — F.Supp.2d —, RWT 11-091, 2011 WL 6260872, (D.Md. 2011), the court distinguished those circumstances where harassing conduct was targeted towards a particular person and received outside a public forum from a circumstances in which harassing conduct is posted on, if effect, a public bulletin board. That court recognized that the government has a strong and legitimate interest in preventing the harassment of individuals. *See e.g, Thone v. Bailey*, 846 F.2d 241, 243 (4th Cir. 1988). Moreover, unlike the conduct discussed in *Cassidy*, the alleged harassing conduct in this case was not directed to a public figure and was not based on critiquing political or religious leaders.

The Court finds the government has a strong and legitimate interest in preventing the harassment of individuals and that the governmental interest is unrelated to the suppression of free expression. Furthermore, the Court finds that the incidental restriction on alleged First Amendment freedoms is no greater than is essential to the furtherance of that interest. Indeed, any incidental restriction on Shepard's First Amendment freedoms does not violate the First Amendment because the speech is integral to the alleged criminal conduct. *United States v. Stevens*, 130 S.Ct. 1577, 1584 (2010) (First Amendment does not protect "speech integral to criminal conduct").

C. *Right to Travel*

Shepard asserts that his constitutionally protected right to travel, in conjunction with his protected free speech, is grounds for dismissal of Count II of the Indictment. *United States v. Guest*, 383 U.S. 745 (1966); *Shapiro v. Thompson*, 394 U.S. 618 (1969).

However, the interstate stalking statute contains an interstate travel requirement and

prohibits the commission of a crime. Therefore, the statute is constitutional under the Commerce Clause. *See Cleveland v. United States*, 329 U.S. 14, 19 (1946) (upholding Mann Act prohibiting the transportation in interstate commerce of any woman or girl for the purpose of prostitution or debauchery or for any other immoral purpose); *Caminetti v. United States*, 242 U.S. 470, 491 (1917) (upholding White Slave Traffic Act of 1910 making illegal inducing interstate travel of women for immoral purposes). Moreover, the statute does not prohibit travel, only travel with intent to engage in conduct proscribed by 18 U.S.C. § 2261A. The Court finds dismissal is not appropriate.

V. *Motion in Limine – Provisional in Nature Given Denial of Fairness* (Doc. 553)

Shepard lists categories of evidence that he seeks to preclude as prejudicial, not probative, proprietary, confidential, etc. Shepard asserts that if the government believes such evidence should be admissible, the government should be ordered to state why. The government has filed a response (Doc. 609). During the November 28, 2011, hearing, the magistrate judge addressed this motion and stated that a Report and Recommendation would follow. The Court having terminated the referral, the Court will address this motion based on consideration of the parties' filings and a review of a transcript of the November 28, 2011, hearing (including the determinations of the magistrate judge).

1. Moses' race, ethnicity, finances, politics, private life, etc. The government asserts these issues will only be raised tangetially to its case in chief. The motion in limine as to this issue is denied without prejudice.

2. Gallego Elementary School. The motion in limine as to this issue is granted as to the government's case-in-chief.

3. Sodini blog. The motion in limine as to this issue is granted as to the government's case-in-chief.

4, Mickey Mouse. The motion in limine as to this issue is denied.

5. Business materials. The government asserts it does not intend to introduce business records or financial records other than records related to the hiring of investigators

or purchasing services to find the alleged victim. The motion in limine as to this issue is denied. Shepard is granted leave to reurge this motion at trial as to any specific documents in which Shepard advertises a service he is/did provide.

6.     KB homes.  The motion in limine as to this issue is granted as to the government's case-in-chief.

7.     Letters.  The motion in limine is denied as to pages 450 to 455. The motion in limine is granted as to pages 437 to 449 and as to pages 467 to 468 as to the government's case-in-chief.[8]

8.     Anna Koch.  The motion in limine as to this issue is granted as to the government's case-in-chief.

9.     FSBO flyer.  The motion in limine as to this issue is granted as to the government's case-in-chief.

10.    Pastiche.  The motion in limine as to this issue is granted as to the government's case-in-chief.

11.    Melissa Leigh.  The motion in limine as to this issue is granted as to the government's case-in-chief.

12.    Modeling.  The motion in limine as to this issue is granted as to the government's case-in-chief.

13.    Intellectual property. The motion in limine as to this issue is granted as to the government's case-in-chief.

14.    Blank paper.  The motion in limine as to this issue is granted.

15.    Daily planner blank forms.  The motion in limine as to this issue is granted as to the government's case-in-chief.

16.    Excludable under Fed.R.Evid. 104(b) and 404(b), statute of limitations. Counsel for the government stated during the November 28, 2012, hearing that she did not

---

[8]The page numbers refer to the government's disclosures.

believe any Fed.R.Evid. 404(b) disclosure was made or existed in this case.[9]  The magistrate judge ordered the government to file any notice of Fed.R.Evid. 404(b) evidence on or before January 4, 2012.  As to Pastiche and/or Melissa Leach, the motion in limine is grated as to the government's case-in chief.

However, to any extent Shepard is seeking to relitigate his Motion to Eliminate all Prior Events-Acts (Doc. 120), the Court notes that the motion was denied as having been withdrawn.  *See* Doc. 186.  Similarly, Shepard's Motion to Preclude all Prior Acts Between 1992 and 2005 and Outside Two-Count Indictment (Doc. 147) was also denied.  *See* Doc. 216 ("Without the context of the prior events, a single event in 2007 or 2009 is meaningless.").  Moreover, the Court determined that the magistrate judge's ruling was not clearly erroneous or contrary to law.  *See* Doc. 631.[10]  The motion in limine as to alleged conduct by Shepard regarding the alleged victim is denied.

17.    Suarez.  The motion in limine as to this issue is granted as to the government's case-in-chief.

18.    Daily planner pages pre-dating meeting alleged victim.  The motion in limine

---

[9]The Court notes that, on June 30, 2011, the government filed a Notice of Use of Inextricably Intertwined Evidence, and Other Crimes, Wrongs, or Acts Evidence Under Rule 404(b) addressing alleged conduct by Shepard directed towards the alleged victim. *See* Doc. 368.

[10]Indeed, the Court notes that the Ninth Circuit has stated that "[e]vidence should not be considered 'other crimes' evidence when the evidence concerning the other act and the evidence concerning the crime charged are inextricably intertwined." *United States v. Williams*, 989 F.2d 1061, 1070 (9th Cir. 1993), *internal quotation marks, alteration, and citation omitted*.  "The policies underlying rule 404(b) are inapplicable when offenses committed as part of a single criminal episode become other acts simply because the defendant is indicted for less than all of his actions." *Id., internal quotation marks and citation omitted*.  "Evidence is "inextricably intertwined" if it "constitutes a part of the transaction that serves as the basis for the criminal charge" or "was necessary to . . . permit the prosecutor to offer a coherent and comprehensible story regarding the commission of the crime." *United States v. Williams*, 291 F.3d 1180, 1189 (9th Cir. 2002), *quoting United States v. Vizcarra-Martinez*, 66 F.3d 1006, 1012-13 (9th Cir. 1995).

as to this issue is granted as to the government's case-in-chief.

19.     Daily planner pages updated.  The motion in limine as to this issue is granted as to the government's case-in-chief.

20.     Daily planner address and phone directory.  The motion in limine as to this issue is granted, except as to pages 2635, 2643, 2645, and 2659, as to the government's case-in-chief.  The government provided limited redacted copies of 2635, 2643, 2645, and 2659 to Shepard during the November 28, 2012, hearing.

21.     Clipboard handwritten notes; table notes.  The motion in limine as to this issue is granted, except as to pages 3069, 3070, and 3081, as to the government's case-in-chief.

22.     Daily planner miscellaneous notes.  The motion in limine as to this issue is granted as to the government's case-in-chief.

23.     More to come once PC digital evidence is fully reviewed.  The motion in limine as to this issue is denied as non-specific.  *See* Fed.R.Crim.P. 12(b)(4) (recognizes that government may provide notice or discovery to permit a defendant to object to evidence).

24.     All contents of PC's digital evidence not printed out and then disclosed to Shepard.  The motion in limine as to this issue is granted as to the government's case-in-chief.  The government shall provide any supplemental disclosure on or before January 9, 2012, including any digital evidence reduced to documentation or an audio file.

25.     All emails alleged victim voluntarily received.  The motion in limine as to this issue is denied.

26.     Oral motion regarding decision by Judge Mangum.  The motion in limine as to this issue is granted as to the government's case-in-chief.

27.     Oral motion regarding property records search.  To the extent it involves Shepard's property holdings, the motion in limine as to this issue is granted as to the government's case-in-chief.

. . . . .

. . . . .

**VI.** *Motion to Extend Deadlines Re: Limine & Subpoena Argument, Evidence Disclosure, Witness List, Evidence List for Cause; Motion to Extend Deadline to Submit Witness List, Exhibit List, Newly Discovered Evidence; Motion to Extend Deadline to Submit Argument Supporting Subpoena List; Objection to MJ CRP Order Requiring Subpoena Argument by 12/15 Without FPDs Motion to Extend Deadline to Complete Defense Exhibit List & Working Defense Exhibit List; Motion to Extend Deadline to Complete Defense Exhibit List & Working Defense Exhibit List; Objection to MJ CRP 12/15/11 Order Denying Motion Docs 644, 645, 648, and 649* (Docs. 644, 645, 648, 649, 669, and 671)[11]

Although not reflected on the docket sheet, the magistrate judge denied the Motion to Extend Deadlines Re: Limine & Subpoena Argument, Evidence Disclosure, Witness List, Evidence List for Cause (Doc. 644), the Motion to Extend Deadline to Submit Witness List, Exhibit List, Newly Discovered Evidence; Motion to Extend Deadline to Submit Argument Supporting Subpoena List (Doc. 645), the Objection to MJ CRP Order Requiring Subpoena Argument by 12/15 Without FPDs (Doc. 648), and the Motion to Extend Deadline to Complete Defense Exhibit List & Working Defense Exhibit List (Doc. 649) during the December 15, 2011, hearing. Later, during the hearing, the magistrate judge advised Shepard that he would accept Shepard's subpoena argument if it was submitted by December 22, 2011. Additionally, pending are Shepard's Motion to Extend Deadline to Complete Defense Exhibit List & Working Defense Exhibit List (Doc. 669) and Objection to MJ CRP 12/15/11 Order Denying Motion Docs 644, 645, 648, and 649 (Doc. 671).

This Court has issued a separate ruling regarding the subpoenas. The Court will grant in part and deny in part the motions and objections. Shepard will be directed to provide the Court and counsel with a final witness list and exhibit list no later than when the Court convenes for jury selection on January 17, 2012. Shepard is advised that any attempt to offer testimony or evidence not included on such lists will be subject to preclusion.

---

[11]The Court notes that Shepard asserts that he cannot meet the deadlines (11/28/11 - summary of subpoenaed witnesses; 11/2/11 - argument, motions in limine; 12/2/11 - exhibit list; 12/6/11 - witness list; 12/6/11 - rebuttal witness list; 1/17/12 - trial) because "hybrid" representation is prohibited, the disclosure is voluminous, the investigation by the computer forensic expert will result in more witnesses and evidence, the private investigator needs additional time to complete his work, additional time is needed to review and disclose Shepard's evidence, the conditions at CCA inhibits preparation, and the requirement that advisory counsel screen filings delays submission/preparation.

Additionally, because of the impending trial date, the Court will direct the U.S. Marshal's Office to forthwith arrange for delivery of a copy of this Order to Shepard.

VII. *Notice of Progress Report Re: Computer Forensic Investigation & Need for More PC-Access Time at CCA Beyond 35 Hours; Objection to MJ CRP Order Doc. 634 Re: Leaving a PC at CCA for Only 35 Hours; Objection to MJ CRP Order Doc. 634 Re: Leaving a PC at CCA for Only 35 Hours* (Docs. 651 and 652)

Pretrial orders issued by a magistrate judge not subject to a Report and Recommendation may be considered by a district court "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636 (b)(1)(A). The Court finds it has not been shown that the magistrate judge's orders are clearly erroneous or contrary to law. The Court will overrule the objection. Further, to the extent Shepard is requesting additional time,[12] the Court finds Shepard has not shown that he cannot complete the tasks discussed with the magistrate judge, for which the computer time was granted, within the time allotted by the magistrate judge. The Court notes that, during the December 15, 2011, hearing, the magistrate judge advised Shepard that, considering the January 17, 2012, trial date, he needed to prioritize his use of the computer. The Objection will be overruled.

VIII. *Objection to MJ CRP Order Denying FRE 615(3) Exclusion of Witnesses at Trial* (Doc. 654)

As previously stated, pretrial orders issued by a magistrate judge may be considered by a district court if it is shown that the magistrate judge's order is clearly erroneous or contrary to law. As this Court will be presiding over the trial, consideration of this issue by this Court at the time of trial is appropriate. The Court finds it has not been shown that the

---

[12]Shepard asserts that, because of the conditions at CCA, his progress is limited and he needs additional PC-Access time. He further asserts that he has limited his use of the PC times pending further information (e.g., external HDD) and court rulings. Shepard asserts additional time is needed because he is using software he is not familiar with, he has to complete his defense timeline, and chronologically sort his questions.

magistrate judge's ruling was clearly erroneous or contrary to law. This objection will be overruled.

Accordingly, IT IS ORDERED:

1.      The Motion to Continue Trial (Doc. 691) and Motion to Stay (Doc. 679) are DENIED.

2.      The Motion to Dismiss for Denial of Speedy Trial Right and to Withdraw PC-Court Access (Doc. 569) is DENIED.

3.      The Motion to Extend Time to Gain Advisory Counsel and Motion for Evidentiary Hearing contained within the Reply Supporting Dismissal Re: No Speedy Trial (Doc. 680) are DENIED.

4.      The Request to Withdraw the Motion for More PC-Access Downtown contained in the Motion to Dismiss for Denial of Speedy Trial Right and to Withdraw PC-Court Access (Doc. 569) is DENIED as moot.

5.      The Motion to Compel Production of Medical or Psychological Records and E-Mails from Alleged Victim (Doc. 604) is GRANTED IN PART AND DENIED IN PART. The government shall forthwith disclose, if they have not yet been disclosed, the emails from the alleged victim to Shepard during the 17 year time period, the emails written by Shepard which the alleged victim forward to other persons, and other correspondence the alleged victim had with other persons regarding Shepard, if they are within the government's possession, custody or control.

6.      The Motion to Dismiss Indictment Void for Vagueness and Motion to Dismiss Indictment as Applied to Defendant (Docs. 605 and 642) is DENIED.

7.      The Motion in Limine – Provisional in Nature Given Denial of Fairness (Doc. 553) is GRANTED AND PART AND DENIED IN PART as set forth herein.

8.      The Motion to Extend Deadlines Re: Limine & Subpoena Argument, Evidence Disclosure, Witness List, Evidence List for Cause (Doc. 644), the Motion to Extend Deadline to Submit Witness List, Exhibit List, Newly Discovered Evidence (Doc. 645), the Motion

to Extend Deadline to Submit Argument Supporting Subpoena List (Doc. 648), the Objection to MJ CRP Order Requiring Subpoena Argument by 12/15 Without FPDs (Doc. 649), the Motion to Extend Deadline to Complete Defense Exhibit List & Working Defense Exhibit List (Doc. 669), and the Objection to MJ CRP 12/15/11 Order Denying Motion Docs 644, 645, 648, and 649 (Doc. 671) are GRANTED IN PART AND DENIED IN PART. Shepard shall provide the Court and counsel with a final witness list and exhibit list no later than when the Court convenes for jury selection on January 17, 2012. Shepard is advised that any attempt to offer testimony or evidence not included on such lists will be subject to preclusion.

9. The implied request for additional PC time contained within the Notice of Progress Report Re: Computer Forensic Investigation & Need for More PC-Access Time at CCA Beyond 35 Hours (Doc. 651) is DENIED.

10. The Objection to MJ CRP Order Doc. 634 Re: Leaving a PC at CCA for Only 35 Hours (Doc. 652) is OVERRULED.

11. The Objection to MJ CRP Order Denying FRE 615(3) Exclusion of Witnesses at Trial (Doc. 654) is DENIED.

12. The U.S. Marshal's Office is directed to forthwith arrange for the delivery of a copy of this Order to Shepard.

DATED this 13th day of January, 2012.

_____
Cindy K. Jorgenson
United States District Judge

- 23 -