**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>MOSES SHEPARD,<br><br>　　　　Defendant. | No. CR 10-1032-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Appeal of Magistrate's order, Docket 624, filed by Advisory/Standby Counsel. *See* Doc. 668. Pro Se Plaintiff Moses Shepard ("Shepard") has filed a Supplemental Opening Memorandum. *See* Doc. 731. The government has not filed a response.

*Factual and Procedural Background*

On May 12, 2010, Shepard was indicted on a violation of 18 U.S.C. § 2261A(2)(A) and 2261(b)(5) and (b)(6) a violation of 18 U.S.C. § 2261A(1) and 2261(b)(5). *See* Doc. 22.[1]

---

[1] On July 28, 2011, this Court ordered that reference to intimidation in Counts One and Two of the Indictment were stricken. *See* Doc. 411.

Magistrate Judge Charles R. Pyle was designated the assigned magistrate judge in this matter. The Local Rule addressing the duties of a magistrate judge states that magistrate judges are to perform the duties prescribed by 28 U.S.C. § 636. LRCrim 57.6. That statute provides that, with some exceptions, the magistrate judge may hear and determine any "pretrial matter[.]" 28 U.S.C. § 636(b)(1); *see also* LRCrim 57.6(d).

On October 20, 2010, Magistrate Judge Pyle granted Shepard's request to represent himself; the court also appointed advisory counsel. On March 24, 2011, the magistrate judge clarified that he expected counsel to also act as standby counsel. *See* Doc. 252[2]

The magistrate judge clarified his expectations of counsel in subsequent proceedings. On January 5, 2011, the magistrate judge stated:

> All right. I need this done. I'm not submitting envelopes. You're advisory counsel. Your agency is here to assist the Court. I need this done. You need to visit him and find out what he wants filed and get it filed by the 14th . . . . you (SHEPARD) make the substantive decisions to what's in it. He can help you procedurally. That's it. End of discussion.

RT 1/5/11, p. 22. In a March 24, 2011, order clarifying the role of counsel, the magistrate judge stated:

> To clarify standby counsel's role:
>
> 1. They will respond to appropriate requests for assistance such as finding and interviewing witnesses, researching non-frivolous legal issues, or conducting portions of the trial.
>
> 2. They will actively consult with and make unsolicited suggestions to defendant concerning what is in his best interest.
>
> 3. They will remain prepared to try the case should permission for self-representation be withdrawn.
>
> 4. They will abide by Mr. Shepard's strategic decisions.
>
> 5. They need not type Mr. Shepard's pleadings.

March 24, 2011, order, Doc. 252, p. 5. The magistrate judge also stated:

> The role of advisory counsel is not passive or purely clerical or ministerial. It is active, requires the exercise of professional judgment and concern that the best possible defense be presented within the parameters of defendant's chosen strategy.

---

[2]The Court will refer to advisory/standby counsel as "counsel[.]"

- 2 -

This is the Court's expectation of advisory counsel going forward. *Id.* at 7. Counsel assert in their Opening Memorandum that, since the issuance of that order, they reviewing Shepard's pleadings for possible information requiring under seal filing, but otherwise, all pleadings were filed as Shepard's strategic decisions. Opening Memorandum, p. 6.

On November 14, 2011, Magistrate Judge Pyle issued an order "to apprise [Shepard] and advisory counsel of its policy for motions [Shepard sought] to file subsequent to [the] Order." Doc. 624, p. 1. The magistrate judge stated that, since Shepard "began representing himself, [Shepard] has filed almost three hundred motions, notices, and objections in this case. The majority of these pleadings were frivolous as they were repetitive of previous pleadings filed by Defendant, they were nonsensical, they did not cite law in support of a request, or they were [Shepard's] irrelevant commentary on his discontent with the criminal proceedings." *Id*. The magistrate judge ordered that counsel not file frivolous motions:

> IT IS ORDERED advisory counsel for [Shepard] shall screen each pleading [Shepard] seeks to file with the Court. Advisory counsel shall use their professional judgment and file only the pleadings that are not repetitive of previous pleadings filed by [Shepard], that make sense, that cite law in support of a request, and are not [Shepard's] irrelevant commentary on his discontent with the criminal proceedings.

November 14, 2011, order, Doc. 624, p. 8.[3]

Counsel filed a Notice of Appeal on November 28, 2011. *See* Doc. 632. This Court set a briefing schedule, *see* Doc. 635, and, on December 28, 2011, counsel filed their Opening Memorandum. *See* Doc. 668. Shepard filed a Supplemental Memorandum on January 24, 2011. *See* Doc. 731. Shepard does not object to the vacation of the magistrate judge's order; he asserts that he will self-screen his motions by discussing them with counsel before filing. The government has not filed a response.

---

[3]The Court notes that the magistrate judge's order came after Shepard had "filed almost three hundred motions, notices, and objections in this case." November 14, 2011, order, Doc. 624, p. 1. As stated by the magistrate judge, the majority of the motions, notices, and objections "were frivolous as they were repetitive of previous pleadings filed by [Shepard], they were nonsensical, they did not cite law in support of a request, or they were [Shepard's] irrelevant commentary on his discontent with the criminal proceedings." *Id.*

This matter proceeded to trial on January 17, 2012. On January 19, 2012, Shepard was convicted of the charged offenses.

*Faretta v. California*

Counsel assert that the magistrate judge's order violates Supreme Court *Faretta* law. *See Faretta v. California*, 422 U.S. 806, 814-17 (1975); *see also* 28 U.S.C. § 1654. In making this assertion, counsel point out that there are no standardized definitions of the terms applied to attorneys who assist a pro se defendant. Indeed, it has been stated that a standby counsel's role is "to aid the accused if and when the accused requests help, and to be available to represent the accused in the event that termination of the defendant's self-representation is necessary." *McKaskle v. Wiggins*, 465 U.S. 168, 176 (1984), *citing Faretta*, 422 U.S. at 835, n.46, *in turn citing United States v. Doughtery*, 473 F. 2d 1113, 1124-1126 (D.C. Cir.1972). An advisory counsel's role, however, is to aid and assist a *pro se* defendant. *United States. Sacco*, 563 F.2d 552 (2nd Cir.), *cert. denied* 434 U.S. 1039 (1977).

Counsel compares these standards to the requirements imposed in this case:

> In our case, however, ordering pro se representation and directing the FPD to advise SHEPARD, "find[] and interview[] witnesses, research[] non-frivolous legal issues, . . . (and) prepare[] to try the case should permission for self-representation be withdrawn" (Dkt.252, p.5), as well as ordering responses and argument, and rendering rulings on FPD-filed pleadings which should truly only be considered if and when pro se representation dissolves, produced the inconveniences the magistrate has met here.

Opening Memorandum, p. 9. Counsel argue that these requirements created a "hybrid" representation. Contrary to the magistrate judge's assertion that screening pretrial pleadings of a *pro se* defendant do "not impede upon [Shepard's] right to self-representation[.]" *United States v. Gomez-Rosario*, 418 F.3d 90, 101-102 (1st Cir. 2005), counsel assert that determining which pleadings to file is a strategic decision for counsel. Counsel asserts that this infringes on a *pro se* defendant's ability "to make the final decisions on all matters, including strategic and tactical matters relating to the conduct of the case." ABA's *Special Functions of the Trial Judge*, Standard 6-3.7(c).

Counsel cite to cases in support of their assertion that the determination of whether

- 4 -

1  motions should be filed is a strategic decision. *See e.g., United States v. Mutuc*, 49 F.3d 930, 935 (7th Cir. 2003) (motions in limine); *Thomas v. Varner*, 428 F.3d 491, 501 (3rd Cir. 2005) (motion to suppress in-court identification). Counsel also provide examples of motions where their tactical decision may be incompatible with Shepard's tactical decision (motion to suppress statement that includes exculpatory statements, motion to suppress a recording that showed intoxication, motion for disclosure that may educate the prosecution as to the weakness of its case).

However, the order issued by the magistrate judge does not encompass such issues. Rather, the requirement that counsel screen the motions and only file those that are not repetitive of prior motions filed by Shepard, make sense, cite law in support of a request, and are not Shepard's irrelevant commentary on Shepard's discontent with the criminal proceedings does not direct counsel to not file motions in which counsel disagrees with the tactics of Shepard. Such an order would not be consistent with *Faretta* and its progeny. While *Faretta*, *McKaskle*, and their progeny do not require extensive involvement by advisory or standby counsel, *see e.g.,* 9 Fed.Proc., L.Ed. § 22:622 ("defendant has no constitutional right to hybrid representation – the right to act as cocounsel"), counsel has not pointed to any authority that prohibits such assistance to a *pro se* defendant. Rather, although a *pro se* defendant does not have a right to an extensive level of assistance, such assistance is not prohibited. *See e.g.*, 9 Fed.Proc. L.Ed. § 22:621 (discussing *McKaskle*). Indeed, the Supreme Court stated:

> *Faretta* rights are also not infringed when standby counsel assists the pro se defendant in overcoming routine procedural or evidentiary obstacles to the completion of some specific task, such as introducing evidence or objecting to testimony, that the defendant has clearly shown he wishes to complete. Nor are they infringed when counsel merely helps to ensure the defendant's compliance with basic rules of courtroom protocol and procedure. In neither case is there any significant interference with the defendant's actual control over the presentation of his defense.

*McKaskle*, 465 U.S. at 183. The screening of motions to determine whether they are repetitive of prior motions, make sense, cite law in support of a request, and are not Shepard's irrelevant commentary on his discontent with the criminal proceedings simply requires counsel to comply with *McKaskle's* direction that counsel can ensure that a *pro se*

defendant comply with protocol and procedure. *See e.g., Savage v. Estelle*, 924 d.2d 1459, 1462 (9thCir. 1991), *quoting McKaskle*, 465 U.S. at 184 (trial judge can appoint standby counsel "to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals").[4]

To illustrate using an example cited by the magistrate judge, Shepard's Motion to Dismiss in Favor of No Contact Order & Notice Re Coming PC Access vs. Judicial Economy, *see* Doc. 415, argued that "it's clear this case is not about punishing [Defendant] for getting [the victim] "upset" twice (counts 1 & 2); that's absurd, people get very upset everyday [sic]. This is really about motivating him to never make contact by inflicting suffering upon his family, etc." (Doc. 415). Shepard filed a Motion for Full Pardon & Lifetime No Contact Order a few days later. *See* Doc. 418. Not only was the second motion repetitive, but neither motion "made sense" in that neither presented a valid basis for the Court to dismiss the action as opposed to expressing Shepard's discontent with the proceedings. Further illustrating as set forth by the magistrate judge, Shepard's Motion to Sing for an Honorable Court requested that he be permitted to prove "the purity of his heart and gentleness of his should, in addition to great undiscovered talent, by singing, in open court to help secure his pretrial release without further hesitation or condition, Doc. 142, and Shepard's Notice of Legalized Torture – How the CCA to Court Transport System Really Works included Shepard's complaints about the method of transportation between the detention facility and the courthouse, Doc. 403. These motions cannot be said to make sense or present a viable issue for the Court to resolve.

The examples set forth by counsel simply do not fall within the parameters of the magistrate judge's order. The Court finds the magistrate judge's order does not violate

---

[4] The Court notes that the principle that advisory or standby counsel can assist a *pro se* defendant to ensure compliance with *courtroom* protocol and procedure, as discussed in *McKaskle*, is comparable to requiring an advisory or standby counsel to assist a *pro se* defendant to ensure compliance with pretrial (i.e., motion) protocol and procedure.

- 6 -

*Faretta* and its progeny.

*Conflict Between Counsel and Shepard*

Counsel assert that the magistrate judge is ordering counsel to assume the role of "pre-magistrate," to read, analyze and essentially adjudicate some or all of Shepard's motions. Counsel also asserts that "the magistrate, who has been quite vocal outside this case in its criticism of the FPD, has also in its Order 'urge[d] advisory counsel, as members of the court, to use their discretion as attorneys and reputations as attorneys before this Court to only file pleadings applicable to this case.'" Opening Memorandum, Doc. 668, p. 11, *quoting* November 14, 2011, order, Doc. 624, pp. 5-6. Counsel asserts that this "creates for the FPD a conflict of interest between their own very demanding client, their ethical obligations, and their reputation with a court stern in its criticisms." Opening Memorandum, Doc. 668, p. 11. *See* 17A A.R.S. Sup.Ct.R. 42, ER 1.7(a)(2) (Lawyer is not to represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if . . . there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to . . . a third person or by a personal interest of the lawyer.); 17A A.R.S. Sup.Ct.R. 42, ER 1.7, Comment 9 ("a lawyer's duties of loyalty and independence may be materially limited by . . . the lawyer's responsibilities to other persons"); 17A A.R.S. Sup.Ct.R. 42, ER 1.7, Comment 10 (Lawyer's own interests should not be permitted to have an adverse effect on representation of a client. For example, if the probity of a lawyer's own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice.).

Indeed, counsel point out that:

> Requiring counsel to remain in a restricted capacity imposes an unauthorized limitation on the attorney's professional responsibility and impermissibly intrudes on the attorney-client relationship itself.

Illinois Ethics Opn. 90-14 (1990).[5] Counsel asserts that "any attempt by the court to limit the attorney's responsibility constitutes an unjustified direction or regulation of the attorney's independent professional judgment." *Id*.

However, counsel do not discuss the ethical requirement that a lawyer not file a motion "unless there is a good faith basis in law and fact for doing so that is not frivolous[.]" Arizona Rules of Professional Conduct, Ariz.R.Sup.Ct. Rule 42, ER 3.1. This ethical rule further provides that the lawyer may include:

> a good faith and nonfrivolous argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

*Id*. Indeed, "[a]lthough this Rule does not preclude a lawyer for a defendant in a criminal matter from defending the proceeding so as to require that every element of the case be established, the defense attorney must not file frivolous motions." Arizona Rules of Professional Conduct, Ariz.R.Sup.Ct. Rule 42, ER 3.1, Comment 3.

In issuing orders regarding the role of counsel in this case, the magistrate judge specifically allowed counsels' conduct to be governed by these ethical standards. In the March 24, 2011, order, the magistrate judge recognized counsel were to exercise their professional judgment. March 24, 2011, order, Doc. 252, p. 5. Similarly, the November 14, 2011, order directed advisory counsel to use their professional judgment in complying with the order. November 14, 2011, Doc. 624, p. 8.

The Court recognizes that, generally, the role of an advisory/standby counsel is vague and undefined, and a defendant must retain control over his case. *McKaskle*, 465 U.S. at 177-78, 104 S.Ct. 944. However,

---

[5]The Court notes that this opinion appears to have limited itself to circumstances described in the inquiry, which questioned the ethical and legal responsibility of a court-appointed attorney in a relationship described as an attorney appointed to assist a person involved in an involuntary commitment hearing under the Mental Health Code. Further, the opinion specifically stated that it did not have the weight of law.

> A defendant does not have a constitutional right to receive personal instruction from the trial judge on courtroom procedure. Nor does the Constitution require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course. *Faretta* recognized as much. "The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." 422 U.S., at 834 n. 46, 95 S.Ct., at 2540 n. 46.
>
> ... A defendant's Sixth Amendment rights are not violated when a trial judge appoints standby counsel – even over the defendant's objection – to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals. Participation by counsel to steer a defendant through the basic procedures of trial is permissible even in the unlikely event that it somewhat undermines the *pro se* defendant's appearance of control over his own defense.

*McKaskle*, 465 U.S. at 183-84. While the Court agrees with counsel that it is the role of the Court to read, analyze and adjudicate motions, the Constitution does not require judges to take over chores for a pro se defendant that would normally be attended to by trained counsel as a matter of course.[6] Directing counsel to screen Shepard's motions to determine whether they are repetitive, make sense, cite law in support of a request, and present issues for a court to consider rather than simply state commentary on Shepard's discontent with the criminal proceedings simply requires counsel to review the motions in light of their professional and ethical requirements. The Court finds the magistrate judge's order does not present an impermissible conflict for counsel.

*Terms of the Order*

Counsel argues that the magistrate judge's order is vague and ambiguous and that the definitions are subject to interpretation. In support of this argument, counsel point out that what may appear to be a frivolous theory may ultimately become law. *See e.g.,* Shepard's Motion to Dismiss for Failure to Provide Equal under the Law as Promised to All Americans,

---

[6]The Court notes that counsel argues that it is not cost or time effective for counsel to screen Shepard's motions when a magistrate judge's law clerk can provide the same function without any conflict of interest. As these are "chores" that would normally be attended to by trained counsel, *McKaskle*, 465 U.S. at 183-84, the Court does not find this an appropriate basis to reverse the magistrate judge's orders.

Doc. 156, as it compares to Professor Carrie Leonetti Proposal (6/13/11), citing to Carrie Leonetti, *When the Emperor Has No Clothes: A Proposal for Defensive Summary Judgment in Criminal Cases*, 84 S.Cal.L.Rev. 661 (2011); http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/CR%20 Suggestions%202011/11-CR-A.pdf.; change in law between *Bowers v. Hardwick*, 478 U.S. 186 (1986) and *Lawrence v. Texas*, 539 U.S. 558 (2003). Counsel also argue why some motions may appear to be frivolous or repetitive, but still present valid issues to the Court.

Counsel also argue that Shepard's limited access to legal materials affects Shepard's ability to prepare motions with legal citations. The applicable local rule provides that, unless made during a hearing or trial, motions are to be in writing and shall be accompanied by a "memorandum setting forth the points and authorities relied upon in support of the motion." LRCiv 7.2(b); LRCrim 12.1. The magistrate judge's order does not require extensive citation – indeed, a simple reference to an applicable rule, legal principle (e.g., due process), or law review article would constitute citing law in support of a request. The magistrate judge clarified for counsel that they were to respond to appropriate requests for assistance such as researching non-frivolous legal issues and actively consulting with and making unsolicited suggestions to Shepard concerning what is in his best interest. March 24, 2011, order, Doc. 252, p. 5. Compliance with this requirement would necessarily entail discussions between counsel and Shepard as to what, if any, law in support of a request exists.

Moreover, the concerns raised by counsel are addressed by the magistrate judge's orders that direct counsel to review the motions in light of their professional judgment. In other words, if counsel in good faith believe a motion presents a valid issue, the magistrate judge's orders direct counsel to file the motion. This simply is not vague and ambiguous. The magistrate judge's orders recognized Shepard's authority to make strategic decisions, recognized counsel professional and ethical duties and responsibilities, and directed "[p]articipation by counsel to steer [Shepard] through the basic [pre-trial/motion] procedures. *McKaskle*, 465 U.S. at 183-84.

Accordingly, IT IS ORDERED the November 14, 2011, order of Magistrate Judge

Pyle is AFFIRMED.

DATED this 17th day of February, 2012.

Cindy K. Jorgenson
United States District Judge