**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No.  CR 10-1032-TUC-CKJ |
| vs. ) | |
| ) | |
| MOSES SHEPARD, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court are the Motion for Continued FPD Laptop Use During FPD Visits to CCA with Defendant (Doc. 747), Motion for Reduction of Time-Service for Non-Violent Offenses Above 45 Years of Age (Doc. 753), the Motion to Return Court's PC to CCA to Extract Certain Items from its Memory (Doc. 754), the Notice of Fraud Upon the Court Supplementing Prosecutorial Misconduct Motion to Dismiss (Doc. 757), the Motion to Allow MS to Wear Trial Clothes at Sentencing Without Chains on his Body (Doc. 758), the Motion to Order CCA to Stop Limiting Hours Pro Se can Work and Return PC for New Trial (Doc. 759), the Motion to Complete Sentence Closer to FPD's if Not Released on Time Served in April (Doc. 760) filed by Moses Shepard ("Shepard").[1]

---

[1] The Court notes that the Motion Renewing Motion for Judgment of Acquittal (Doc. 737) and the Motion for New Trial (Doc. 738) are also pending; however, the Court will defer ruling on these motions until the expiration of the time to file a reply.  Additional motions were filed on March 7, 2012; these will be addressed in a separate Order.

*Motion for Continued FPD Laptop Use During FPD Visits to CCA with Defendant*

Shepard requests that advisory/standby counsel be permitted to continue bringing a laptop to CCA when visiting Shepard. Shepard asserts that the United States Marshal Service has directed CCA to no longer permit this practice. Shepard asserts the use of the laptop is needed to review legal documents and to listen to recordings. The Court does not find it unreasonable for advisory/standby counsel to bring a laptop for use with Shepard during visits to CCA, at the discretion of advisory/standby counsel. The Court will grant the request with the caveat that such use is at the discretion of advisory/standby counsel. Additionally, the Court will order that use of the FPD laptop during FPD visits to CCA shall not include wi-fi access.

*Motion for Reduction of Time-Service for Non-Violent Offenses Above 45 Years of Age*

Shepard requests that his sentence be reduced by as much time as allowed by law given that the offenses are for non-violent offenses and that he is over the age of 45. To any extent Shepard is seeking a reduction in sentence based on the proposed Federal Prison Bureau Non-Violent Offender Relief Act, the Court will deny the requested relief as 18 U.S.C. § 3624 addresses calculations to be made by the Bureau of Prisons and has not been amended to include the language that Shepard may be relying upon. Although Federal Prison Bureau Nonviolent Offender Relief Acts have been introduced, such legislation has not been enacted. *See e.g.,* H.R. 261 of the 110th Congress; H.R. 61 of the 111th Congress; H.R. 223 of the 112th Congress.

To the extent that Shepard is requesting that the Court consider the nature of the offenses and Shepard's history and characteristics in sentencing Shepard, the Court will grant the request. *See* Fed.R.Crim.P. 32(d).

*Motion to Return Court's PC to CCA to Extract Certain Items from its Memory*

Shepard requests that the court laptop be returned to him for the purpose of retrieving items from its memory. Shepard asserts that the "items are not saved to the desktop nor an

1  obvious location such as the My Documents folder, so [Shepard] would have to find it-them
2  himself." Motion, p. 1.

3  The laptop has been reviewed by the Court's IT division. The IT division has
4  informed the Court that it appears that, with the exception of three documents, all of the
5  documents had been saved to a thumb drive. Of the three documents that had been saved to
6  the laptop, only one document remains on the laptop. That document, entitled "cca-
7  pcworklog.doc[,]" is less than one page and has been printed by the IT division. The Court
8  will direct the Court's staff to provide the document to advisory/standby counsel. Shepard's
9  request for the return of the laptop will be denied.

10

11  *Notice of Fraud Upon the Court Supplementing Prosecutorial Misconduct Motion to Dismiss*
12  Shepard supplements his Motion to Dismiss for Prosecutorial Misconduct or Other
13  Sanctions Appropriate (Doc. 727). The Court notes that, on January 31, 2012, the Court
14  found that there was no basis to conclude prosecutorial misconduct warranted a dismissal and
15  denied the Motion to Dismiss. *See* Doc. 735.

16  Shepard asserts that the prosecutor's use of "banker" boxes and informing the jury that
17  "for demonstration purposes, we printed out everything found on his computer regarding the
18  victim, and they fill these two banker boxes[,]" Motion, p. 1, was fraudulent and requests
19  the Court to seize custody of the boxes. Shepard seeks to demonstrate that the documents
20  produced by the government included multiple duplicates. Shepard also asserts that, during
21  trial advisory/standby counsel informed him that, were he defending the case at that time, he
22  would have made the government "prove every single page in those two boxes is relevant.
23  Make them lay the foundation." Motion, p. 1.

24  However, Shepard did not object to the use of the boxes for demonstrative purposes
25  during trial.[2] The Court does not find this is a basis to reconsider its ruling denying the

26

27  [2]The Court notes that Special Agent Tony Taylor, in responses to questions from the
28  prosecutor regarding Exhibit 61, testified that he believed that the two boxes contained all

- 3 -

Motion to Dismiss for Prosecutorial Misconduct or Other Sanctions Appropriate. The Court will deny the requests included in the Notice of Fraud Upon the Court Supplementing Prosecutorial Misconduct Motion to Dismiss.

*Motion to Allow MS to Wear Trial Clothes at Sentencing Without Chains on his Body*

Shepard requests that he be permitted to wear the clothing that he wore during the trial at the sentencing proceeding. However, "requiring a defendant to wear prison clothes during sentencing is not prejudicial and does not violate due process." *Duckett v. Godinez*, 67 F.3d 734, 746 (9th Cir. 1995); *see also Cain v. Cullen*, 2011 WL 941057 (C.D.Cal. 2011); 21A Am.Jr.2d Criminal Law § 938 (2012). The Court will deny this request.

Shepard also requests that he be permitted to appear without chains on his body at the time of sentencing. The Court will deny this request with leave to resubmit at the time of the sentencing. Should the request be remade at that time, the Court can also receive input from the deputy marshal(s) assigned to the courtroom at that time.

*Motion to Order CCA to Stop Limiting Hours Pro Se can Work and Return PC for New Trial*

Shepard requests the Court to order CCA to stop limiting the hours he is permitted to work on his case. Shepard asserts that there is still much work to be done given that a new trial may be ordered, an appeal needs to be prepared, and efforts to get the verdict overturned and the case dismissed are ongoing. Shepard asserts that in the last few months he had been permitted to spend as much as 11 hours per day working on the case, but that he is now restricted access to the typing-pro se room to about seven hours per day.[3]

---

of the items that the agent found on Shepard's computer that had some reference to the victim or attempts to locate the victim.

[3] Additionally, attached to the Motion is a Motion to Order [USMS] to Stop Faretta Rights Deprivation. *See* Doc. 759, p. 4. This document raises issues discussed in the Motion for Continued FPD Laptop Use During FPD Visits to CCA with Defendant. The Court has addressed those issues and will grant the request as stated *infra*.

- 4 -

1  The Court does not find that the limitation of access to the typing-pro se room to
2  seven hours per day to be unreasonable. The Court will deny the request.

3  Shepard also requests the Court to order a computer again be provided to him at CCA
4  so he can work on his case in the event a new trial is ordered. Although Shepard's Motion
5  Renewing Motion for Judgment of Acquittal and the Motion for New Trial are pending
6  before the Court, no new trial has been ordered at this time.[4] Generally, courts invoke the
7  ripeness doctrine and refuse to decide matters which would involve "entangling themselves
8  in abstract disagreements . . . " *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct.
9  1507, 1515, 18 L.Ed.2d 684 (1967); *see also, Jacobus v. Alaska*, 338 F.3d 1095, 1104 (9th
10 Cir. 2003) (requirement of ripeness ensures that issues are definite and concrete, not
11 hypothetical or abstract); *Watts v. Petrovsky*, 757 F.2d 964 (8th Cir. 1985) (speculative claim
12 was not ripe for review); *West v. Secretary of the DOT*, 206 F.3d 920, 924 (9th Cir. 2000)
13 (courts avoid advisory opinions on abstract propositions of law). Shepard's request for a
14 computer to be provided to him to prepare for a new trial is premature. The Court will deny
15 this request as not ripe with leave to resubmit in the event a new trial is ordered.

16

17 *Motion to Complete Sentence Closer to FPD's if Not Released on Time Served in April*

18 Shepard requests that, if he is not sentenced to time served, he be permitted to
19 complete his sentence at a location close to Tucson so he can continue to work with
20 advisory/standby counsel and to facilitate visitations by his mother. However, in the event
21 Shepard is sentenced to serve a prison term, it is the Bureau of Prisons "which has the
22 authority to . . . designate the facility for service of [the] sentence[]." *Reynolds v. Thomas*,
23 603 F.3d 1144, 1149 (9th Cir. 2010). Although the Court will deny the pending motion, the
24 Court advises Shepard that, in the event he is sentenced to a term in the Bureau of Prisons,
25 he may request the Court recommend a facility in which he will serve the sentence. *See e.g.,*

26

27 ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
   [4]The Court notes that these motions have been scheduled for oral argument on April
28 2, 2012.

- 5 -

*United States v. Ruff*, 535 F.3d 999 (9th Cir. 2008) (sentencing judge recommended specific facility in which defendant was to serve sentence).

Accordingly, IT IS ORDERED:

1. The Motion for Continued FPD Laptop Use During FPD Visits to CCA with Defendant (Doc. 747) and the Motion to Order [USMS] to Stop Faretta Rights Deprivation (Doc. 759, p. 4) is GRANTED. CCA shall permit advisory/standby counsel to bring a laptop for use with Shepard during visits to CCA, at the discretion of the advisory/standby counsel. Advisory/standby counsel shall not provide wi-fi access to Shepard during the use of the FPD laptop.

2. The Motion for Reduction of Time-Service for Non-Violent Offenses Above 45 Years of Age (Doc. 753) is GRANTED IN PART AND DENIED IN PART.

3. The Motion to Return Court's PC to CCA to Extract Certain Items from its Memory (Doc. 754) is DENIED. Court staff shall provide the document entitled "cca-pcworklog.doc" to advisory/standby counsel.

4. The requests included in the Notice of Fraud Upon the Court Supplementing Prosecutorial Misconduct Motion to Dismiss (Doc. 757) are DENIED.

5. The Motion to Allow MS to Wear Trial Clothes at Sentencing Without Chains on his Body (Doc. 758) is DENIED with leave to resubmit the issue of security measures at the time of sentencing.

6. The Motion to Order CCA to Stop Limiting Hours Pro Se can Work (Doc. 759) is DENIED. The Motion to Return PC for New Trial (Doc. 759) is DENIED with leave to resubmit in the event a new trial is ordered.

7. The Motion to Complete Sentence Closer to FPD's if Not Released on Time Served in April (Doc. 760) is DENIED.

DATED this 12th day of March, 2012.

_____
Cindy K. Jorgenson
United States District Judge