**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,  )<br>             )<br>         Plaintiff,  )<br>             )   No.  CR 10-1032-TUC-CKJ<br>vs.          )<br>             )<br>MOSES SHEPARD,    )     **ORDER**<br>             )<br>         Defendant.   )<br>_____ ) | |

Pending before the Court are the Motion to Waive any Payment of Fees or Restitution or Interview with Probation (Doc. 746), the Motion to Withdraw Motion to Waive Video Interview with Probation Officer as Moot (Doc. 767), the Motion to Arrest Judgement Pursuant to Rule 34(a)(102) F.R.C.P., Post Trial (Doc. 763), the Renewed Motion to Sing for the Court at the Sentencing Hearing as Offer of Proof (Doc. 766), the Motion to Require FPDs to Stay as Counsel Past Sentencing and Assign a Nearby Prison (Doc.  768), the Motion to Extend Time to Reply Supporting Acquittal Via Exhibits & Laptop Evidence (Doc. 769).

*The Motion to Waive any Payment of Fees or Restitution or Interview with Probation and the Motion to Withdraw Motion to Waive Video Interview with Probation Officer as Moot*[1]

Shepard requests that any fees or restitution be waived because he is indigent and because his accuser is dishonest or insane.  The Court will defer ruling on this issue until

---

[1] The Court notes that the Motion to Waive any Payment of Fees or Restitution or Interview with Probation was docketed as a Sentencing Memorandum.

sentencing.

Additionally, Shepard has requested that he not have to participate in an interview with a probation officer. However, Shepard has filed a motion to withdraw this portion of the Motion to Waive any Payment of Fees or Restitution or Interview with Probation. The Court will grant the Motion to Withdraw.

*Motion to Arrest Judgement Pursuant to Rule 34(a)(102) F.R.C.P., Post Trial*

Shepard asserts that the indictment does not charge an offense and that the Court does not have jurisdiction of the charged offenses. In support of these assertions, Shepard essentially argues that insufficient evidence was presented to support the verdicts. The Court will accept this document as a supplement to the Motion Renewing Motion for Judgment of Acquittal.[2]

*Renewed Motion to Sing for the Court at the Sentencing Hearing as Offer of Proof*

Shepard requests that the Court permit him to sing as a demonstration as to why Shepard should be set free on time served. Shepard asserts that he has an undiscovered talent and that his positive and life-affirming nature will be evidenced by his singing. Shepard also asserts that the rules do not provide any restrictions as to what he may say, or how he may say it, at sentencing and that permitting Shepard to sing would do no harm.

The applicable rule states that, "[b]efore imposing sentence, the court must . . . address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence[.]" Fed.R.Crim.P. 32(i)(4). The Ninth Circuit has recognized that a district court may properly limit the allocution of a defendant to matters that are material to mitigation of punishment. *See United States v. Heraldez-Martinez*, 225 Fed.Apps. 643 (9th Cir. 2007); *see also United States v. Mack*, 200 F.3d 653 (9th Cir. 2000) (defendants'

---

[2] The Court notes that the Motion Renewing Motion for Judgment of Acquittal (and the Motion for New Trial) are scheduled for argument on April 2, 2012.

- 2 -

1  right to allocution was not violated where district court had personally addressed the two
2  defendants and provided them with the opportunity to present information bearing on
3  mitigation, but when defendants instead discussed their motives, philosophies, and beliefs
4  on issues that did not pertain to mitigation (e.g., irrelevant philosophical discussions about
5  environmental destruction, civil disobedience, and the legal system), district court asked
6  defendants to speak to the issues of mitigation).  Other courts have similarly recognized that
7  allocution may be limited.  *See U.S. v. Holguin*, 16 F. Supp. 2d 595 (D. Md. 1998)
8  (defendant's right to allocution was not denied where the sentencing court permitted the
9  defendant to voice his objections to his presentence report at length; the court recognized that
10 a defendant's right to address the court is not unlimited, and that the exercise of the
11 defendant's right to allocution may be properly limited both as to duration and as to content
12 such that the defendant need be given no more than a reasonable time and need not be heard
13 on irrelevancies or repetitions); *U.S. v. Cardona*, 420 Fed. Appx. 448 (5th Cir. 2011), *cert.*
14 *denied*, 2011 WL 4536576 (U.S. 2011) (court rejected the defendant's assertion that the trial
15 court erred in limiting his right to speak at the sentencing hearing; defendant, who was given
16 10 minutes "to ramble on" about whatever he wanted to, but only spoke for five minutes then
17 stopped); *U.S. v. Abboud*, 441 Fed.Appx.  331 (6th Cir. 2011) (defendant was not denied his
18 right of allocution during his third sentencing hearing following his conviction for money
19 laundering, bank fraud, and tax evasion, because the sentencing court interrupted him while
20 he was speaking, where the record revealed, *inter alia*, that, upon the court's invitation, the
21 defendant read a very lengthy statement, totaling 25 pages of transcript; district judge did not
22 stop the defendant from speaking; at the end of his statement, the defendant stopped speaking
23 voluntarily); *U.S. v. Holder*, 367 Fed. Appx. 698 (7th Cir. 2010) (where the sentencing judge
24 allowed the defendant to speak for what amounted to 14 pages in the sentencing transcript
25 before encouraging him to "wind it up," and then the defendant continued on for two
26 additional transcript pages, stopping only to ask if he could read the last page, the trial court
27 acted within its discretion in concluding that the defendant had received a meaningful
28 opportunity to present his case for a lenient sentence; the right to speak at allocution is not

1    without limits on time or content).

2        The Court has not found, and Shepard has not presented any authority, that discusses
3    whether permitting a defendant to sing during allocution is appropriate.  However, "[a]ll
4    federal courts are vested with inherent powers enabling them to manage their cases and
5    courtrooms effectively[.]" *United States v. Kent*, 649 F.3d 906, 912 (9th Cir. 2011),
6    *citations omitted*.  Indeed, a "courtroom's formal dignity ... reflects a seriousness of purpose
7    that helps to explain the judicial system's power to inspire the confidence and to affect the
8    behavior of a general public whose demands for justice our courts seek to serve[.]" *Deck v.*
9    *Missouri*, 544 U.S. 622, 631, 125 S.Ct. 2007, 161 L.Ed.2d 953 (2005); *see also Illinois v.*
10   *Allen*, 397 U.S. 337, 343, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970) ("It is essential to the proper
11   administration of criminal justice that dignity, order, and decorum be the hallmarks of all
12   court proceedings in our country.  The flagrant disregard in the courtroom of elementary
13   standards of proper conduct should not and cannot be tolerated.").  Permitting Shepard to
14   sing during sentencing would not inspire confidence in the judicial system.  Further, it is
15   "within [this Court's] power, and indeed [its] obligation, to protect the sanctity and dignity
16   of courtroom proceedings." *Sager v. Adamson*, C08-5463 FDB, 2008 WL 4181599 *2
17   (W.D.Wash. 2008), *citing Gregory v. Thompson*, 500 F.2d 59, 64 (9th Cir. 1974).
18   Moreover, any mitigating factors that Shepard seeks to express through song can ably be
19   presented through speech.  The Court will deny the request.

20

21   *Motion to Require FPDs to Stay as Counsel Past Sentencing and Assign a Nearby Prison*

22       Shepard requests that advisory/standby counsel remain on this case after the
23   sentencing to assist in preparing for a new trial or appeal.  However, a motion to withdraw
24   counsel has not been filed in this case.  The Court finds this issue is not ripe for review.
25   *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 684
26   (1967) (Generally, courts invoke the ripeness doctrine and refuse to decide matters which
27   would involve "entangling themselves in abstract disagreements . . . "); *see also, Jacobus v.*
28   *Alaska*, 338 F.3d 1095, 1104 (9th Cir. 2003) (requirement of ripeness ensures that issues are

- 4 -

definite and concrete, not hypothetical or abstract); *Watts v. Petrovsky*, 757 F.2d 964 (8th Cir. 1985) (speculative claim was not ripe for review); *West v. Secretary of the DOT*, 206 F.3d 920, 924 (9th Cir. 2000) (courts avoid advisory opinions on abstract propositions of law). The Court will deny the request.

Shepard also requests that he be assigned a nearby prison at sentencing to facilitate contact between himself and advisory/standby counsel. As the Court previously stated:

> [I]n the event Shepard is sentenced to serve a prison term, it is the Bureau of Prisons "which has the authority to . . . designate the facility for service of [the] sentence[]." *Reynolds v. Thomas*, 603 F.3d 1144, 1149 (9th Cir. 2010). Although the Court will deny the pending motion, the Court advises Shepard that, in the event he is sentenced to a term in the Bureau of Prisons, he may request the Court recommend a facility in which he will serve the sentence. *See e.g., United States v. Ruff*, 535 F.3d 999 (9th Cir. 2008) (sentencing judge recommended specific facility in which defendant was to serve sentence).

March 12, 2012, Order, pp. 5-6. The Court will deny the request.

*Motion to Extend Time to Reply Supporting Acquittal Via Exhibits & Laptop Evidence*

Shepard asserts that additional time is needed to file a reply because of additional time to receive mail in prison and because of time needed to prepare the reply. Shepard asserts that the use of either the FPD laptop or the Court laptop would facilitate the preparation of his reply. The Court addressed the use of the FPD and Court laptops in its March 12, 2012, Order. The Court will extend the deadline for Shepard to file replies to the Motion Renewing Motion for Judgment of Acquittal (Doc. 737) and the Motion for New Trial (Doc. 738) until March 23, 2012.

Accordingly, IT IS ORDERED:

1. The Motion to Withdraw Motion to Waive Video Interview with Probation Officer as Moot (Doc. 767) is GRANTED.

2. The portion of the Motion to Waive any Payment of Fees or Restitution or Interview with Probation (Doc. 746) addressing an interview with a probation officer is WITHDRAWN. The Court will defer ruling on the remaining portions of the Motion to

- 5 -

Waive any Payment of Fees or Restitution or Interview with Probation (Doc. 746) until sentencing.

    3. The Motion to Arrest Judgement Pursuant to Rule 34(a)(102) F.R.C.P., Post Trial (Doc. 763) is treated as a Supplement to the Motion Renewing Motion for Judgment of Acquittal (Doc. 737).

    4. The Renewed Motion to Sing for the Court at the Sentencing Hearing as Offer of Proof (Doc. 766) is DENIED.

    5. The Motion to Require FPDs to Stay as Counsel Past Sentencing and Assign a Nearby Prison (Doc. 768) is DISMISSED AS MOOT

    5. The Motion to Extend Time to Reply Supporting Acquittal Via Exhibits & Laptop Evidence (Doc. 769) is GRANTED IN PART AND DENIED IN PART. Shepard shall file any replies to the Motion Renewing Motion for Judgment of Acquittal (Doc. 737) and/or the Motion for New Trial (Doc. 738) on or before March 23, 2012.

    DATED this 15th day of March, 2012.

_____
Cindy K. Jorgenson
United States District Judge