**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br>        Plaintiff,<br>vs.<br>Moses Shepard,<br>        Defendant/Movant. | No. CV 15-504-TUC-CKJ<br>     CR 10-1032-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Complete § 2255 Motion filed by Moses Shepard ("Shepard"). A response and a reply have been filed. Shepard has requested oral argument. The Court declines to schedule this matter for argument.

*Factual and Procedural Background*

On May 12, 2010, Shepard was indicted on two counts of interstate stalking in violation of 18 U.S.C. § 2261A(1) and (2)(A). On April 22, 2011, nine months before the trial, Shepard's advisory counsel filed a motion to strike surplusage from the indictment, arguing that the references to "intimidate" and "causes substantial emotional distress" did not track the statutory language and therefore violated Fed.R.Crim.P. 7(d). (CR 10-1032, Doc. 285.) Shepard adopted this argument. (CR 10-1032, Doc. 325.) On July 28, 2011, the Court ordered the reference to "intimidation" be stricken from Counts One and Two of the indictment. Subsequently, Shepard requested the government file a superseding indictment that strikes the words "and intimidate" from Counts One and Two of the indictment. This request was denied because the words were already stricken from the indictment pursuant

to the Court's July 28, 2011, Order. A superseding indictment was not filed or returned by a grand jury.

On January 17, 2012, the first day of trial, Shepard's advisory counsel submitted a copy of the indictment with the word "intimidate" removed. The Court did not provide a copy of the indictment to the jury. Rather, after reading the preliminary jury instructions, the Court read the modified indictment to the jury. Consistent with the Court's prior Order, the word "intimidate" had been removed, and references to specific statutes were replaced with the term "federal statutes." Shepard did not object to this procedure and acknowledged that "intimidate" had been stricken from the indictment and would not be included in the indictment or jury instructions.

On January 19, 2012, the last day of trial, the Court gave final jury instructions and provided the jurors with a copy of the jury instructions and a modified indictment. (Doc. 50.) Shepard made no objection to the modified indictment except for requesting that his middle name, Antonio, be removed. The final jury instructions were filed in the electronic docket, along with the modified indictment. On January 19, 2012 a jury convicted Shepard of stalking and cyberstalking in violation of 18 U.S.C. § 2261A(1), (2)(A), (b)(5), and (b)(6) in CR 10-1032-TUC-CKJ.[1] May 14, 2012 Minute Entry (CR 10-1032, Doc. 716). Shepard was sentenced to two consecutive fifty month terms of imprisonment followed by three years of supervised release. Shepard appealed his conviction and sentence. Represented by counsel, Shepard did not raise any issue related to the "superseding indictment" on appeal. On July 14, 2014, the Ninth Circuit Court of Appeals issued the mandate of its denial of Shepard's direct appeal (CR 10-1032, Doc. 879). Shepard's petition for writ of certiorari was denied on October 20, 2014 (CR 10-1032 Doc. 880).

On October 22, 2015, Shepard filed a Motion to Vacate, Set Aside or Correct Sentence (Doc. 1) and a Declaration (Doc. 4) on October 29, 2018. He requested leave to

---

[1] Unless otherwise stated, references to the docket are to the docket in this case.

file an amended 2255 motion; the Court granted in part and denied in part this request (Docs. 13 and 15). Specifically, the Court stated:

> . . . Shepard may file within 30 days of the date of this Order a complete Amended § 2255 Motion that encompasses his original § 2255 Motion, the missing page, and the contents of the supplemental filing as discussed herein.
>
> Shepard also requests that the document filed as a Declaration (Doc. 4) be accepted as an amended § 2255 motion. Because ***an amended document supersedes an original document***, *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"), and it does not appear Shepard is seeking to waive the claims made in his original Motion, the Court will deny the request to accept the document as an amended § 2255 motion. However, the Court will accept the Declaration as a supplement to Movant's § 2255 Motion. *See e.g., Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997) ("leave to permit supplemental pleading is 'favored[]'").

Dec. 15, 2015 Order (Doc. 13), pp. 2-3 (emphasis added). The Court subsequently stated:

> The Court declines to accept Shepard's Second Supplement. ***The Court does not find it appropriate to place itself or government counsel in the position of attempting to decipher which facts, claims, and arguments from each documents support the facts, claims, and arguments in other documents. Further, such piecemeal use of pleadings by Shepard and deciphering by the Court unfairly risks an inadequate review of the claims, possibly prejudicing Shepard. . .*** However, the Court will grant Shepard additional time to file an all-encompassing motion pursuant to the Court's December 15, 2015, Order.

Feb. 3, 2016 Order (Doc. 27), p. 5 (emphasis added). The Court then ordered:

> If Shepard does not wish the Court to consider the original motion (Doc. 1) and his Declaration (Doc. 4) as his § 2255 Motion, Shepard may file within 60 days of the date of this Order a complete Amended § 2255 Motion.

*Id.* at p. 7.

Shepard filed a Complete 2255 Motion on June 22, 2016 (Doc. 48). The government filed a response on August 4, 2016 (Doc. 52). Shepard has filed a reply (Doc. 55), a supplemental reply (Doc. 61) and a final reply (Doc. 64).

*2255 Habeas Petition*

The Court provided Shepard with an option to use his original motion (Doc. 1) and declaration (Doc. 4) or a separate complete document as an Amended § 2255 Motion. Indeed, the Court advised Shepard that piecemeal use of pleadings by Shepard and

- 3 -

deciphering by the Court unfairly risks an inadequate review of the claims, possibly prejudicing Shepard. Shepard did not include his original claims in his Complete § 2255 Motion. Rather, Shepard incorporated prior claims in his Complete §2255 Motion. (Doc. 48 at 2.) The Court will accept this piecemeal briefing at Shepard's implicit request, recognizing Docs. 1, 4, and 48 as Shepard's §2255 habeas petition. The Court accepts the government's response (Doc. 52) and, again, accepts Shepard's piecemeal reply (Docs. 55, 61, and 64).

However, the Court will only address those claims related to his conviction and sentence and will not address those claims related to Shepard's conditions of confinement (e.g., religious requests (Doc. 1-3 at 28.)). *See Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (quoting *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)) ("Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location or condition of a sentence's execution must be brought pursuant to § 2241 in the custodial court."); *Tucker v. Carlson*, 925 F.2d 330, 332 (9th Cir. 1991) ("To the extent Tucker's complaint seeks damages for civil rights violations, his complaint is construed as a *Bivens* action."); *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971).

*Procedural Default*

A habeas petitioner procedurally defaults on claims that he could have, but did not raise on appeal. *See United States v. Braswell*, 501 F.3d 1147 (9th Cir. 2007), (citing *Bousley v. United States*, 523 U.S. 614 (1998). "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'" *United States v. Jingles*, 702 F.3d 494, 498 (9th Cir. 2012) (quoting *Bousley*, 523 U.S. at 621). Here, Shepard raises a number of issues that could have been raised on appeal but were not. These claims are procedurally defaulted and do not provide a basis for habeas relief.

The Court finds the following claims raised by Shepard are procedurally defaulted

- 4 -

because they were not raised on appeal:

1. Claims related to a superceding indictment.[2]
2. "Jury instructions: subjective intent vs. reasonable person." (Doc. 1-2 at 55)
3. "Public-religious figure exception." (*Id.*)
4. "Sentence may not exceed minimum allowed by law because only a jury, not judge, may decide sentence-based facts." (*Id.* at 56; Doc. 48 at 40.) Collateral review is not available for an advisory guideline sentence that falls below the statutory maximum. *Spencer v. United States*, 773 F.3d 1132, 1135, 1140 (11th Cir. 2014) (en banc) ("[A]ny miscalculation of the guideline range cannot be a complete miscarriage of justice because the guidelines are advisory.").
5. "Aggravated sexual abuse not charged in indictment." (*Id.* at 57; Doc. 48 at 37.)
6. "All personal property seized must be returned without delay." (*Id.* at 59; Doc. 48 at 40.)
7. "Alleged true or any threats not charged by indictment." (*Id.* at 59.)
8. "Sentence contravenes U.S. Sentencing Commission priorities." (*Id.* at 60; Doc. 48 at 40.)
9. "Stalking conviction inapposite to government's admissions." (*Id.* at 60.)
10. "Conviction based on false & unreliable testimony cannot stand." (*Id.* at 61.)
11. "Supervisory release conditions unconstitutional, per Ninth Circuit, and inapposite to movant's factual circumstances." (*Id.* at 63; Doc. 48 at 39, 41.)
12. "Supplemental § 2255 motion justified by movant's actual innocence claim buried inside with[h]eld legal materials." (*Id.* at 65.)

---

[2]As set forth in the Factual and Procedural Background, a superceding indictment was not issued in this case.

| | | |
|---|---|---|
| 1 | 13. | "Brady violations are structural errors requiring vacatur." (*Id*. at 83; Doc. 48 at 37.) |
| 3 | 14. | "Undermining Faretta rights a structural error requiring vacatur." (*Id*. at 90.) |
| 4 | 15. | "Right to present mistake-of-fact defense included right to cross-examine prosecutor while self-representing as pro-se." (*Id*. at 92.) |
| 6 | 16. | "The court could not block pre-trial interviews under Brady." (*Id*. at 92.) |
| 7 | 17. | "Sophisticated background of accused does not cure failure to explain charge in indictment nor carry that burden at trial." (*Id*. at 93.) |
| 9 | 18. | "Assistance of counsel right was not optional in this case." (*Id*. at 94.) |
| 10 | 19. | "Right to timely grand jury transcript was improperly denied." (*Id*. at 94; Doc 48 at 41.) |
| 12 | 20. | "Refund of IFRP fee equitable on vacatur of the conviction." (*Id*. at 95; Doc. 48 at 40.) |
| 14 | 21. | "The court could not seize him or his property unlawfully." (*Id*. at 96.) |
| 15 | 22. | "The court could not inflict cruel punishment." (*Id*. at 97.) |
| 16 | 23. | "Cumulative structural error mandates conviction vacatur." (*Id*. at 98.) |
| 17 | 24. | "Failure to prosecute [victim's] boyfriend violated equal protection." (Doc. 1-3 at 3.) |
| 19 | 25. | "Federal BOP improperly applies crime of violence law." (*Id*. at 4.) |
| 20 | 26. | "Stalking conviction triggers no enhancement without violence." (*Id*. at 5.) |
| 21 | 27. | "Indictment invalid without element matching convicted offense." (Id.) |
| 22 | 28. | "Agreement with BOP regarding crime of violence voids case." (*Id*. at 6.) |
| 23 | 29. | "Defense had right to advance notice where sentencing guidelines departure was not foreseeable by the accused." (*Id*. at 8.) |
| 25 | 30. | "Boyfriend's cybertravel stalking e-mails prima facie evidence proving movant's accusers knew he was no danger to society and the prosecution complicit in covering up his crimes." (*Id*. at 9.) |

31. "[Shepard] not accorded conviction free of prosecutorial misconduct via selective & vindictive prosecution despite blatant evidence of cybertravel stalking by accuser boyfriend." (*Id*. at 12; Doc. 48 at 40-41.)

32. "The court may not aid prosecution-violation of ABA Rules." (Doc. 1-3 at 16.)

33. "The court cannot reasonably deny post-trial appointed counsel." (*Id*.) "The court must order the government to acknowledge a crime." (*Id*. at 17.)

34. "Sentencing disparity between [Shepard's] case and genuine stalking." (*Id*. at 20; Doc. 48 at 40.)

35. "This case lacked any so called criminal conduct." (Doc. 1-3 at 21.)

36. Shepard was undercharged but offense was overproved. (Doc. 48 at 6-18.) Moreover, to any extent Shepard is asserting that insufficient evidence was presented at trial to justify the conviction in this case, the Court finds such a claim should have been raised on appeal. *Brule v. United States*, 240 F.2d 589 (9th Cir. 1957) (finding that § 2255 cannot be used to challenge sufficiency of evidence to convict); *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir.1993) (challenge to sufficiency of the evidence is procedurally defaulted if it is not raised on direct appeal).

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *Braswell*, 501 F.3d at 1149 (quoting *Bousley*, 523 U.S. at 622). A petitioner must show that "some objective factor external to the defense" impeded his efforts to raise the issue earlier. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Further, a petitioner must also show "not merely that the [alleged] errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original).

Shepard has not shown any cause that impeded any effort to raise the procedurally defaulted claims on appeal. Further, Shepard has not shown any prejudice that infected his entire trial with error of constitutional dimensions. The Court finds Shepard is not entitled to habeas relief on these procedurally defaulted claims.

*Relitigation of Claims*

Claims that were raised at trial and considered on appeal "are not subject to collateral attack under 28 U.S.C. § 2255[.]" *Egger v. United States*, 509 F.2d 745, 748 (9th Cir. 1975) ("issues raised at trial and considered on direct appeal are not subject to collateral attack under 28 U.S.C. § 2255"); *see also Withrow v. Williams*, 507 U.S. 680, 720-21 (1993) (Scalia, J., concurring) (collecting cases). The Court finds the following claims are not subject to review in this § 2255 habeas proceeding as such consideration would constitute relitigation of the issues:

1. "Speech not integral to criminal conduct exception." (Doc. 1-2 at 55; Doc. 48 at 38.)
2. "Legitimate-purpose intent absent actual malice exception." (Doc. 1-2 at 55.)
3. "Ineffective assistance of advisory/standby counsel and CJA direct appeal counsel requires vacatur of the conviction." (*Id*. at 67.)
4. "Perception-dependent stalking statute void for vagueness." (*Id*. at 89.)
5. "Undermining Faretta rights a structural error requiring vacatur." (*Id*. at 90.)
6. "Assistance of counsel right was not optional in this case." (*Id*. at 94.)
7. "The court could not block access to the courts preventing equal protection under law, the Supreme Court's prime mandate." (*Id*. at 99.)
8. "Objectively-reasonable person exception." (*Id*. at 25.)

Moreover, the Ninth Circuit has addressed Shepard's vagueness argument and has held that, pursuant to *United States v. Osinger*, 753 F.3d 939, 943-48 (9th Cir. 2014), "[t]he statutes of conviction are not unconstitutionally vague." (Doc. 879-1 at 2.) The Court finds

Shepard is not entitled to relief on these claims.

*Claim Related to Vagueness of Statute*

As previously stated, Shepard raised his vagueness claim on appeal and he is not permitted to relitigate an issue that he raised unsuccessfully on appeal. *Egger v.* 509 F.2d at 748. Furthermore, the "law of the case" doctrine prevents relitigation of this issue in this habeas proceeding. *United States v. Scrivner*, 189 F.3d 825, 828 & n.1 (9th Cir. 1999) ("[t]he law in this circuit is clear that when a matter has been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion") (internal citations omitted).

Shepard argues, however, that an intervening change in the law warrants an exception to the law of the case doctrine. *See Scrivner*, 189 F.3d at 827 ("A court may depart from the law of the case if: (1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence on remand is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result."). Shepard argues that *Elonis v. United States*, — U.S. —, 135 S.Ct. 2001 (2015), should be extended to determine that 18 U.S.C. 2261A, the statute at issue in this case, is unconstitutional. However, as another district court has stated:

> Unlike § 2261A(2), the criminal statute considered in *Elonis* — 18 U.S.C. § 875(c) — was completely silent on any mental state requirement. *See Elonis*, 135 S.Ct. at 2004, 2010. As a result, the Supreme Court noted that it must "read into the statute 'only that mens rea which is necessary to separate wrongful conduct from 'otherwise innocent conduct.'" *Id.* (quoting *Carter v. United States*, 530 U.S. 255, 269, 120 S.Ct. 2159, 147 L.Ed.2d 203 (2000)). In so doing, the Court held that "the mental state requirement . . . is satisfied if the defendant transmits a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat." *Id.* at 2012. In contrast to the statute at issue in *Elonis*, § 2261A(2) expressly requires proof that [defendant], "with the intent to . . . injure, harass, [or] intimidate . . .," engaged "in a course of conduct that . . . cause[d], attempt[ed] to cause, or would be reasonably expected to cause substantial emotional distress" to the person whom [defendant] intended to injure, harass, or intimidate.

*United States v. Moreland*, 207 F. Supp. 3d 1222, 1228–29 (N.D. Okla. 2016); *see also Turner v. United States*, Civil No. 15-03845 (E.D.N.Y. 2015) (denying § 2255 motion because *Elonis* did not apply to a conviction under 18 U.S.C. § 115(a)(1)(B)). The statute

at issue in this case contains a specific intent requirement. *Osinger*, 753 F.3d at 944-45. *Olanis* does not provide a basis for relief to Shepard.

*Ineffective Assistance of Counsel*

On appeal, the Ninth Circuit determined the Court did not err in finding Shepard was competent to represent himself. (Doc. 879-1.) Indeed, the appellate court declined to provide relief to Shepard on his claims that his advisory counsel was unprepared and did not adequately assist him at trial and that he did not receive enough access to computer technology. (*Id*.) Shepard may not, therefore, relitigate his ineffectiveness claims.

Additionally, "if a defendant elects to waive counsel, but the court nonetheless appoints stand-by or advisory counsel, there is no constitutional right to effective assistance from waived counsel." *Dixon v. Ryan*, No. CV-14-258-PHX-DJH, 2016 WL 1045355, at *14 (D. Ariz. Mar. 16, 2016); *Savage v. Estelle*, 924 F.2d 1459, 1466 (9th Cir.1990) ( "[A] defendant who elects to represent himself cannot thereafter complain that the quality of his own defense amounted to a denial of 'effective assistance of counsel'"); *Wilson v. Parker*, 515 F.3d 682, 697 (6th Cir. 2008) ("Logically, a defendant cannot waive his right to counsel and then complain about the quality of his own defense."); *Simpson v. Battaglia*, 458 F.3d 585, 597 (7th Cir. 2006) ("the inadequacy of standby counsel's performance . . . cannot give rise to an ineffective assistance of counsel claim under the Sixth Amendment").

*Ineffective Assistance of Appellate Counsel*

Shepard asserts appellate counsel was ineffective by failing to raise additional claims on appeal, by not providing enough detail in appeal issues (mental competency, jail conditions, access to courts), and for failing to seek review by the U.S. Supreme Court or further review by the Ninth Circuit. A claim of ineffective assistance of counsel is cognizable as a claim for denial of the Sixth Amendment right to counsel, which guarantees not only assistance, but effective assistance of counsel. *Strickland v. Washington*, 466 U.S.

668, 686 (1984). The benchmark for judging any claim of ineffectiveness is whether counsel's conduct so undermined the proper functioning of the adversarial process that the proceeding cannot be relied upon as having produced a just result. *Id.*

To prevail on a claim of ineffective assistance of counsel, Shepard must satisfy a two prong test, demonstrating: (1) deficient performance, such that counsel's actions were outside the wide range of professionally competent assistance, and (2) that Shepard was prejudiced by reason of counsel's actions. *Id.* at 686-90. "Failure to satisfy either prong of the Strickland test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002). Indeed, it is unnecessary for a federal court considering a habeas ineffective assistance claim to address the prejudice prong of the Strickland test if the petitioner cannot establish incompetence under the first prong. *See Siripongs v. Calderon*, 133 F.3d 732, 737 (9th Cir.1998). Similarly, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as the result of the alleged deficiencies. *See Strickland*, 466 U.S. at 697; *Williams v. Calderon*, 52 F.3d 1465, 1470 & n. 3 (9th Cir.1995) (approving district court's refusal to consider whether counsel's conduct was deficient after determining that petitioner could not establish prejudice).

The right to effective assistance of counsel applies to the performance of both trial and appellate counsel. *See Evitts v. Lucey*, 469 U.S. 387, 396 (1985). The *Strickland* standard also governs claims of ineffective assistance of appellate counsel. However, "appellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal." *See Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001).

As to Shepard's claims that appellate counsel was ineffective by failing to raise additional claims on appeal, by not providing enough detail in appeal issues, and for failing to seek further review, Shepard has not shown a reasonable probability that the outcome of his direct appeal would have been different, but for appellate counsel's failures. Shepard asserts counsel was ineffective for failing to raise the claims that are now raised in the habeas

- 11 -

1 | petition. However,

> appellate counsel need not advance every possible argument, even those that are non-frivolous, and should instead concentrate his advocacy on winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues. The two-part *Strickland test* . . . guides an analysis of claims of ineffective assistance of appellate counsel.

*Davis v. Singletary*, 853 F.Supp. 1492, 1549 (M.D.Fl.1994) (internal quotations and citations omitted).

> To succeed on an ineffective assistance of counsel claim, the petitioner must establish that an argument was likely to be successful in order to prove that he was prejudiced by his counsel's failure to raise the argument. *See Van Tran v. Lindsey*, 212 F.3d 1143, 1156 (9th Cir.2000). A defendant has no constitutional right to compel counsel to raise particular arguments if counsel, as a matter of professional judgment, decides not to present those arguments. *See Jones v. Barnes*, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983) (declining to promulgate "a per se rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed").

*Luckett v. Schriro*, No. CV05–2302–PHX–SRB, 2006 WL 1516004 *10 (D.Ariz. 2006).

Shepard has not shown his arguments/claims were likely to have been successful if they had been raised by appellate counsel. For example, although Shepard asserts issues regarding the indictment warrant dismissal of the charges against him, this Court has determined this claim does not provide relief to Shepard. Similarly, the Court finds that the inclusion of additional detail by appellate counsel would not have been likely to succeed. Indeed, the appellate court had access to the record on appeal. Moreover, because the Supreme Court denied Shepard's *pro se* petition for writ of certiorari, the Court finds Shepard has not shown that appellate counsel's seeking further review would have been successful.

The Court finds Shepard is not entitled to habeas relief on this claim.

*Motion to Expedite Conviction Vacatur for Failure to Follow the ECF Rules with Regard to the Untimely Indictment* (Doc. 84)

Shepard asserts the indictment was improperly redacted. To any extent Shepard is referring to the partial redacted indictment, the Court has previously addressed this issue, *see*

- 12 -

*e.g.* April 21, 2016 Order (Doc. 42). To any extent Shepard is referring to the striking of surplusage from the indictment, Shepard requested this striking (CR 10-1032, Doc. 325) and the Court found this request to be well-taken (CR 10-1032, Docs. 331 and 411). The Court will deny the motion.

*Conclusion*

The government also asserts that some of Shepard's claims are noncognizable. The Court need not address this assertion as the Court has found Shepard's claims to be procedurally defaulted, not subject to review as such review would constitute relitigation of the issues, and/or failing to provide a basis for habeas relief. As Shepard's petition/motion, along with the "files and records of the case[,] conclusively show that [Shepard] is entitled to no relief[,]" 28 U.S.C. § 2255, a hearing is not required in this case. The Court will deny Shepard's request for habeas relief.

III. *Certificate of Appealability ("COA")*

Rule 11(a), Rules Governing Section 2255 Proceedings, requires that in habeas cases the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Such certificates are required in cases concerning detention arising "out of process issued by a State court", or in a proceeding under 28 U.S.C. § 2255 attacking a federal criminal judgment or sentence. 28 U.S.C. § 2253(c)(1). Here, the Motion is brought pursuant to 28 U.S.C. § 2255. This Court must determine, therefore, if a COA shall issue.

The standard for issuing a COA is whether the applicant has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The movant must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v.*

*McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. In the certificate, the Court must indicate which specific issues satisfy the showing. *See* 28 U.S.C. § 2253(c)(3).

The Court finds that jurists of reason would not find it debatable whether the petition/motion stated a valid claim of the denial of a constitutional right and the Court finds that jurists of reason would not find it debatable whether the district court was correct in its procedural rulings. A COA shall not issue.

Any further request for a COA must be addressed to the Court of Appeals. *See* Fed. R.App. P. 22(b); Ninth Circuit R. 22-1.

Accordingly, IT IS ORDERED:

1. The Motion Under 28 USC § 2255 (CV 15-504, Docs. 1, 4, and 48; CR 10-1032, Doc. 884) is DENIED.

2. Cause No. CV 15-504 is DISMISSED.

3. The Clerk of the Court shall enter judgment and shall then close its file in Cause No. CV 15-504.

4. A Certificate of Appealability shall not issue in this case.

DATED this 24th day of May, 2018.

_____
Cindy K. Jorgenson
United States District Judge

- 14 -