IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>vs.<br><br>Moses Shepard,<br><br>    Defendant/Movant. | No. CR 10-1032-TUC-CKJ<br>CV 15-504-TUC-CKJ<br><br>**ORDER** |

Pending before the Court are the Request to District Court Clerk B.D.K. to Forward Record to Movant (CR 10-1032, Doc. 922; CV 15-504, Doc. 91) filed by Movant Moses Shepard ("Shepard").

Shepard requests the Clerk of Court provide him with copies of the documents that comprise the excepts of record pursuant to Circuit Rule 30-3. However, it appears Shepard may be seeking copies of all records based on this Rule:

> Accordingly, Movant requests that the District Court Clerk forward to him, within twenty-one (21) days, **all items e-filed / docketed** in the above-notes case numbers (CR 10-1032 and CV 15-504), in paper-copy format, including **all sealed items**, to which he has the right as a party in each action. **In the interests of *judicial economy*,** the Clerk is requested to send **all** such items on aa USB external disk drive (whether termed Thumb Nail / Flash Drive / Memory Stick), instead of in paper-format, which should include transcripts of **all status conference / hearings** (including, but not limited to the 1/17-19/12 trial).

Request (Doc. 922), p. 2. However, that rule only applies to "cases involving appeals by prisoners[.]" Circuit Rule 30-3. Although Shepard implicitly argues that his placement on supervised release qualifies him as a prisoner, he has not provided any authority for this

implied assertion that he is a prisoner within the meaning of the appellate rule.[1] The Court advises the Clerk of Court it need only comply with its normal protocols regarding forwarding the record to the circuit clerk. *See* Fed.R.App.P. 11.

Accordingly, IT IS ORDERED the Request to District Court Clerk B.D.K. to Forward Record to Movant (CR 10-1032, Doc. 922; CV 15-504, Doc. 91) is DENIED.

DATED this 27th day of June, 2018.

_____
Cindy K. Jorgenson
United States District Judge

---

[1] For example, "the term 'prisoner' means any person incarcerated or detained in any facility . . ." 28 U.S.C.A. § 1915(h). Shepard does not argue that his placement on supervised release includes current incarceration or detention.