**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
|        Plaintiff, ) | |
| ) | No.  CR 10-1032-TUC-CKJ |
| vs. ) | |
| ) | |
| Moses Shepard, ) | |
| ) | |
|        Defendant. ) | |

Pending before the Court is the Motion to End 18 USC § 3563(c) Supervised Release Conditions (Doc. 941) filed by Defendant Moses Shepard ("Shepard").  A response, two replies, a Notice of Errata, and a Notice of Special Presentation have also been filed.

Shepard asserts he has been on supervised release for more than a year and a half and, during that time, he has not violated any conditions of supervised release.  Shepard requests the Court terminate the release conditions under 18 U.S.C. § 3563(c).

The government opposes early termination and asserts it is inappropriate in this matter as Shepard has demonstrated he has not been rehabilitated and remains a danger to the community.  The government asserts that, while no petitions to revoke have been filed, Shepard has demonstrated a disregard for the Court's orders, the government, and the victim:

> . . . In a number of documents filed with the Court, the defendant continued to harass the victim and revealed that he was using the internet to gain additional information about the victim and her family.  (Docs. 911, 913.)

On May 29, 2018, this Court held a status conference to warn the defendant not to continue using the computer on (sic) other electronic device to investigate or attempt to find information about the victim and her family. The Court extended its order to cover counsel for the government[, ]and informed the defendant that he was not to conduct any electronic investigation of government counsel. However, on November 10, 2018, the defendant filed a motion with the Ninth Circuit Court of Appeals which revealed that he had conducted research online regarding undersigned counsel for the government. (CA 18-15988 Doc. 10.)

It is also concerning that while serving the end of his term of imprisonment in a residential re-entry center, the defendant exhibited obsessive and harassing behavior toward a female resident. The defendant's behavior was egregious enough that the defendant was removed from the re-entry center and placed back in custody in a Bureau of Prisons facility.

Response (Doc. 942, pp. 1-2). Additionally, the government asserts the victim strongly opposes the early termination of supervised release, believes Shepard is still a significant danger to both herself and the community at large, and remains fearful of Shepard.

In his reply, Shepard asserts he has not continued to harass the victim and, if he had disregarded the Court's orders, a petition to revoke would have been filed. Additionally, he disputes the government's assertion that he had conducted research upon the assigned AUSA; rather, he asserts his case manager at the halfway house had provided some information to Shepard which revealed the AUSA's ties to the Ninth Circuit. Shepard acknowledges that he was returned to an incarceration facility, but asserts it was because the director of the halfway house retaliated against him because he had filed an administrative grievance against her.

The Court may:

after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) . . . terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. 3583(e)(1). These factors concern "'general punishment issues such as deterrence, public safety, rehabilitation, proportionality, and consistency,'" as well as the need for restitution. *United States v. Sine*, No. CR-S-02-079 KJM, 2012 WL 1901298 *2 (E.D.Cal. 2012), *citations omitted*. An offender has the burden to demonstrate that early termination

of supervised release is justified.  *United States v. Weber*, 451 F.3d 552, 559 n. 9 (9th Cir. 2006).

Federal "[c]ourts have generally held that something more than compliance with the terms of probation is required to justify early termination [pursuant to 18 U.S.C. § 3583(e)(1)]. Early termination is usually granted only in cases involving changed circumstances, such as exceptionally good behavior." *United States v. Hawatmeh*, No. LA CR 08-00385-VBF-3, 2014 WL 11970544, at *4 (C.D. Cal. Sept. 19, 2014) (citations omitted). A defendant typically carries his burden "by alerting the district court to 'unforeseen' or 'changed circumstances' that implicate its initial sentencing decision and analysis." *United States v. Emmett*, 749 F.3d 817, 824 (9th Cir. 2014) (quoting *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir. 2000)). Changed circumstances may include "exceptionally good behavior by the defendant" or other factors that "render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." *Miller*, 205 F.3d at 1001 (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2nd Cir. 1997) ). Indeed, the Ninth Circuit has stated:

> A defendant's "exceptionally good behavior" may render a previously-imposed sentence inappropriate or too harsh, but as the district courts of our circuit have repeatedly recognized, mere compliance is to be expected. *United States v. Miller*, 205 F.3d 1098, 1101 (9th Cir.2000) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir.1997)); *United States v. Bauer*, No. 5:09–cr–00980, 2012 WL 1259251, at *2 (N.D.Cal. Apr. 13, 2012) (it is "apparent that the reasons cited by Defendant—compliance with release conditions, resumption of employment and engagement of family life—are expected milestones rather than a change of circumstances rendering continued supervision no longer appropriate"); *United States v. Grossi*, No. CR–04–40127, 2011 WL 704364, at *2 (N.D.Cal. Feb. 18, 2011) ("Mere compliance with the terms of supervised release is what is expected, and without more, is insufficient to justify early termination.").

*United States v. Emmett*, 749 F.3d 817, 824 n. 2 (9th Cir. 2014). Further, because § 3583(e)(1) includes "[t]he expansive phrases 'conduct of the defendant' and 'interest of justice,'" it is "clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *Emmett*, 749 F.3d at 819.

1      Here, the Court considers the long-lasting nature and circumstances of Shepard's

2  offense.  Shepard relentlessly stalked and harassed the victim for over 15 years.  Further, to

3  this day, Shepard has expressed absolutely no remorse or acceptance of responsibility for his

4  acts.  Supervised release is clearly appropriate to provide additional deterrence and public

5  protection.

6      Additionally, the Court has conferred with the probation officer assigned to supervise

7  Shepard.    The probation officer opines that continued supervision is appropriate and

8  necessary.

9      Further, the Court considers that Shepard alleges he has demonstrated compliance

10  with the terms of supervised release.  Shepard asserts the government has not produced

11  anyone to complain about him at this time, but the burden is on Shepard to justify early

12  termination.  Shepard's compliance was expected and he has not shown any exceptionally

13  good behavior or other changed circumstances to warrant a modification of his release .  The

14  Court will deny Shepard's request.

15      Additionally, Shepard requests the Court to clarify docket entries; specifically,

16  Shepard wonders why numerous docket entries are skipped and why, of those that do appear,

17  the docket entries are not in chronological order.  As the Court has previously advised

18  Shepard:

> 19  [I]nformation regarding docket entries that are not viewable through the Court's
> 20  electronic filing system. Shepard is advised that such information is available through
> the District's website. See e.g., ECF Polices and Procedures Manual ("Any document
> electronically filed in a criminal case via a category labeled Sealed (e.g., Sealed
> 21  Lodged Proposed Documents) will be unavailable for viewing by any attorney or
> member of the public."), http://www.azd.uscourts.gov/sites/default/files/documents/
> 22  adm%20manual.pdf; Privacy Policy for Electronic Case Files, https://www.uscourts.
> gov/rules-policies/judiciary-policies/ privacy-policy-electronic-case-files; LRCiv 5.6;
> 23  LRCrim 49.4; see also LRCrim 32.1 (confidential records).

24  April 1, 2019 Order (CV 15-504, Doc. 104).  Additionally, the Court advises Shepard that

25  some filings require multiple entries.[1]  Further, documents are typically ordered in the date

26

27

---

28      [1]For example, for each document that is being filed under seal, the following entries
have likely been made:  a motion to seal, a lodged filing of the document requested to be

1  they are docketed, which is not necessarily the date of filing.

2      Accordingly, IT IS ORDERED the Motion to End 18 USC § 3563(c) Supervised

3  Release Conditions (Doc. 941) is DENIED.

4      DATED this 15th day of May, 2019.

5

6

7                           _____
                                      Cindy K. Jorgenson
8                                  United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  _____

28  filed under seal, an order granting/denying a motion to seal, and the sealed document.