**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) |
| Plaintiff, | ) ) |
| vs. | ) No. CR 10-1032-TUC-CKJ ) |
| Moses Shepard, | ) ) |
| Defendant. | ) ) |

Pending before the Court is the Motion to Clarify Order Denying Termination of Supervised Release (Doc. 948) filed by Defendant Moses Shepard ("Shepard"). Shepard acknowledges the Court's Order that stated "exceptionally good behavior or other changed circumstances" may warrant a termination of supervised release, but asserts "without noting any qualifying acts or situations, nor the minimum number of such acts, nor existing situations, that must be engaged in," an unfair burden is created. Motion (Doc. 948, p. 1). Shepard asserts his conduct more than qualifies and, therefore, he is at a loss attempting to guess what conduct may qualify. Shepard requests the Court "state what qualifying acts or situations qualify, and the minimum number, whether done once, or on an ongoing basis, so he can note he has already done them, or is now doing so." *Id*.

As the Court stated in its May 16, 2019, Order, something more that compliance with the terms of supervised release is needed to justify an early termination. Although Shepard asserts his conduct qualifies to justify an early termination, the Court views Shepard's conduct as merely complying with the terms of supervised release. To the extent Shepard

requests the Court to explain what conduct may qualify as changed circumstances and exceptionally good behavior, the Court declines to provide an advisory opinion. *See e.g., West v. Secretary of the DOT*, 206 F.3d 920, 924 (9th Cir.2000) (courts avoid advisory opinions on abstract propositions of law); *Ctr. for Biological Diversity v. Mattis*, 868 F.3d 803, 821 (9th Cir. 2017) (citation omitted) (the prohibition "that the federal courts will not give advisory opinions" is called "the oldest and most consistent thread in the federal law of justiciability"). It is only upon review of conduct, in consideration of any similar precedential case law, that the Court will be able to ascertain if changed circumstances and exceptionally good behavior warrants an early termination of supervised release.

Additionally, Shepard disputes the Court's statement that he has expressed no remorse or acceptance of responsibility for his acts. In fact, Shepard has stated:

> I accept some responsibility for what brought me before her, to the extent that I failed to anticipate her volatility. Beyond that, it is impossible for me to say because it is still unclear to what extent she actually believes, that which is false [as proven by the record], or what the cause or explanation for that might be. . .
>
> . . . I do have remorse for contributing to the events that led up to this mess but did <u>not</u> have the intent to harass by causing emotional distress.

(Doc. 840, p. 2). This statement of remorse blames the victim for her volatility and asserts she has false beliefs. Further, contrary to the evidence presented at trial to show Shepard acted intentionally, he continues to deny he intentionally harassed the victim.

Moreover, a review of just a portion of the documents submitted by Shepard post-trial demonstrates Shepard has referred to pretend victims (Doc. 752, p. 1; Doc. 787, p. 2) and the frivolous, false and felonious nature of the accusations (Doc. 760, p. 1). Further, Shepard has asserted the victim committed perjury (Doc. 761, p. 1; Doc. 787, p. 4, Doc. 800, p. 3,[1] Doc. 826, p. 5) and Shepard has asserted the prosecution's case was based on rhetoric, a "grotesque distortion of the facts for which no evidence was offered (Doc. 764, pp. 4 and 5),

---

[1] Indeed, Shepard has queried, "Could it be, therefore, that this whole case is completely upside down? That it is <u>she</u> that is crazy (whether termed irrational, foolish, blind, unconscious, not seeing things clearly, mentally ill, insane, or something else), to the extent that she thinks she can get away with perjury indefinitely?" (Doc. 800, p. 4).

1  and a hoax (Doc. 786, p. 2).  Additionally, Shepard asserts his missives over the years were
2  attempts to restore the friendship between Shepard and victim (Doc. 764, p. 8) and the case
3  painted a man who writes about spiritual matters as a danger to society (Doc. 764, p. 14).
4      The Court clarifies its Order to specify Shepard has not shown any true remorse or
5  acceptance of responsibility.
6      Accordingly, IT IS ORDERED the Motion to Clarify Order Denying Termination of
7  Supervised Release (Doc. 948) is GRANTED to the extent the Court has clarified its Order
8  herein.
9      DATED this 20th day of May, 2019.

_____
Cindy K. Jorgenson
United States District Judge