**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,  )<br>                    Plaintiff,  )<br>                         )<br>vs.                      )<br>                         )<br>Moses Shepard,            )<br>                    Defendant. ) | No. CR 10-1032-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is the Motion To: (1) Lift COVID-19 Travel Ban; (2) for Order to Show Cause Hearing Re: FBI Returning Property; (3) Restore Rights Post Supervised Release (Doc. 950) filed by Defendant Moses Shepard ("Shepard"). The government has filed a response (Doc. 951) and Shepard has filed a reply (Doc. 952).

*COVID-19 Travel Ban*

Shepard objects to the probation officer's denial, due to the COVID-19 pandemic, of Shepard's request to travel to California to pursue employment opportunities in California. In making his objection, Shepard does not state whether he has specific employment opportunities to pursue in California or if he is, in effect, "fishing" for any possible cold employment opportunity in California.

In either circumstance, it appears Shepard "cannot travel without a significant risk of exposure to the virus [to himself or others] with the potentially severe health consequences that would follow." *United States of America V. Juan Ramos*, No. 18-CR-30009-FDS, 2020 WL 1478307, at *2 (D. Mass. Mar. 26, 2020). The Court finds the decision of the probation

officer is reasonable in light of the protection of the community to be a purpose of supervised release. *See, e.g., United States v. Romero*, 676 F.2d 406, 407 (9th Cir.1982) (even very broad conditions are reasonable if they are intended to protect the public); *United States v. Lowe*, 654 F.2d 562, 567-68 (9th Cir.1981) (condition permitted where it was reasonably related to goals of rehabilitation and protection of public even though it impinged upon associational rights); Conditions of Supervised Release, Fed. Sent. L. & Prac. § 5D1.3 (2020 ed.); *see also* Supervised Release, 3 Fed. Prac. & Proc. Crim. § 548 (4th ed. 2019).

Alternatively, Shepard requests the Court order the probation officer from visiting Shepard and his at-risk 87-year old mother or require the probation officer to respond to Shepard's case-related questions via e-mail or in the probation office. The Court is confident the probation officer is utilizing reasonable means in light of COVID-19 to protect Shepard, Shepard's mother, and the public, as well as himself, in performing his supervisory duties. Additionally, the Court finds it is not appropriate to micro-manage the communication between the probation officer and Shepard. The Court will deny this request.

*Request for Order to Show Cause Hearing Re: FBI Returning Property*

Shepard requests the personal property taken on April 14, 2010, be returned to him. Fed.R.Crim.P. 41(g) was designed to provide a method for persons to seek the return of property unlawfully seized by federal law enforcement officials. *Mora v. United States*, 995 F.2d 156, 158 (2nd Cir. 1992). The rule also provides that a person aggrieved by the deprivation of property may seek its return. This Court has jurisdiction "to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." *United States v. Martinson*, 809 F.2d 1364 (9th Cir. 1987). Further, while such requests may be brought as a civil action, *Ramsden v. United States*, 2 F.3d 322 (9th Cir. 1993), they are typically considered in the criminal action. *See e.g., Martinson*.

Where the government "no longer needs the property as evidence, the defendant is presumed to have the right to the return of his property." *United States v. Fitzen*, 80 F.3d

- 2 -

1  387, 388 (9th Cir. 1996); *see also Ramsden; United States v. Huffhines*, 986 F.2d 306 (9th
2  Cir. 1993); *United States v. Marshall*, 338 F.3d 990 (9th Cir. 2003). Further, "the burden of
3  proof is on the government to show 'that it has a legitimate reason to retain the property.'"
4  *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993), *citations omitted*; *United States v.*
5  *Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014) (government can justify retaining the property
6  if it can show a "legitimate reason" for doing so).

7  Here, Shepard's Motion does not specify, other than the date upon which it was taken,
8  what personal property he would like returned. The government asserts, "It is likely that the
9  items he seeks are evidence of his offenses of conviction and/or means by which he
10 committed his offenses, and contain information regarding the victim of his offenses.
11 Therefore, return of such items would be inappropriate." Response, p. 2. However, in his
12 reply, Shepard clarifies that of the 13 items listed on the property receipt, nine have not been
13 returned: Files, a Franklin Planner, a Seagate USB hard drive, Clipboard notes, Notes, a
14 Dell Laptop (i.e. its removed hard drive), a File w/notes, a Planner, a CD (i.e., various
15 paper-based records ("planners" and "files")), two hard drives, and a CD. *See* Reply, Ex. 2.

16 The Court is to "receive evidence on any factual issue necessary to decide the
17 motion." Fed.R.Crim.P. 41(g). The Court finds it appropriate to schedule this matter for
18 hearing to determine whether the government has a legitimate reason to retain the property.
19

20 *Restoration of Civil Rights*

21 Shepard requests his civil rights be restored. However, Shepard has not provided any
22 authority for this Court to grant the request. Specifically, Shepard has cited to authority that
23 does not foreclose a federal restoration of civil rights, but he has not cited to any authority
24 that authorizes the Court to take such action. Indeed, the Ninth Circuit has stated that "the
25 restoration of rights . . . is carried out only by the states[.]" *United States v. Geyler*, 932 F.2d
26 1330 1335 (9th Cir. 1991), *abrogated on other grounds; see also Beecham v. United States*,
27 511 U.S. 368 (1994) (discussing that some states and the federal system do not have
28

procedure to restore civil rights); *see also Beecham v. United States*, 511 U.S. 368, 372-73 (1994); *Walker v. United States*, 800 F.3d 720, 731 (6th Cir. 2015) (Clay, J., dissenting) ("Supreme Court . . . expressly reserved the question of whether a federal felon's civil rights may be restored under federal law").

The Court finds it does not have the authority to restore Shepard's civil rights and will deny this request.

Accordingly, IT IS ORDERED:

1. The Motion To: (1) Lift COVID-19 Travel Ban; (2) for Order to Show Cause Hearing Re: FBI Returning Property; (3) Restore Rights Post Supervised Release (Doc. 950) is DENIED IN PART.

2. Shepard's request for the California travel ban to be lifted is DENIED.

3. Shepard's request for the Court to order the probation officer from visiting Shepard and his at-risk 87-year old mother or require the probation officer to respond to Shepard's case-related questions via e-mail or in the probation office is DENIED.

4. Shepard's request for the return of his property is scheduled for hearing on June 16, 2020, at 2:00 p.m.[1]

5. Shepard's request for the restoration of his civil rights is DENIED.

DATED this 14th day of April, 2020.

_____
Cindy K. Jorgenson
United States District Judge

---

[1] The Court advises the parties this hearing may be rescheduled depending upon District Court procedures and General Orders in light of COVID-19.

- 4 -