**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | |
|         Plaintiff, ) | |
| ) | No. CR 10-1032-TUC-CKJ |
| vs. ) | |
| ) | |
| Moses Shepard, ) | |
| ) | **ORDER** |
|         Defendant. ) | |
| _____ ) | |

Pending before the Court is the Motion for Order to Show Cause Hearing Re: FBI Returning Property (Doc. 950)[1] filed by Defendant Moses Shepard ("Shepard"). The government has filed a response (Doc. 951) and Shepard has filed a reply (Doc. 952). Oral argument was presented to the Court on August 31, 2020. The Court denied the motion and informed the parties a formal order would follow.

The applicable rule states:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed.R.Crim.P. 41(g). The Court advised the parties it would hear argument and, if necessary, schedule the matter for an evidentiary hearing.

Shepard argues an evidentiary hearing is necessary to establish witnesses fabricated

---

[1] The issues as to the lifting of a COVID-19 travel ban and the restoration of rights included in the motion have previously been denied. *See* April 15, 2020 Order (Doc. 953).

1    relevant facts in this case.  However, a jury has resolved credibility issues in this case,
2    Shepard's conviction has been affirmed, and Shepard has completed his sentence in this case.
3    The pending motion is not an opportunity to re-litigate the facts of the case.

4    Statements made by the parties at the hearing demonstrate there are no factual issues
5    necessary to decide the motion.  Indeed, the only issue that is needed to be resolved is
6    whether items related to the victim must be returned to Shepard.

7    Where the government "no longer needs the property as evidence, the defendant is
8    presumed to have the right to the return of his property." *United States v. Fitzen*, 80 F.3d
9    387, 388 (9th Cir. 1996); *see also Ramsden; United States v. Huffhines*, 986 F.2d 306 (9th
10   Cir. 1993); *United States v. Marshall*, 338 F.3d 990 (9th Cir. 2003).  Further, "the burden of
11   proof is on the government to show 'that it has a legitimate reason to retain the property.'"
12   *United States v. Mills*, 991 F.2d 609, 612 (9th Cir. 1993), *citations omitted*; *United States v.
13   Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014) (government can justify retaining the property
14   if it can show a "legitimate reason" for doing so).

15   Here, the completion of Shepard's sentence does not eliminate the government's
16   interest in preventing Shepard from receiving the materials that include references to or about
17   the victim.  *See e.g., United States v. Kriesel*, 720 F.3d 1137 (9th Cir. 2013) (government
18   could retain defendant's blood sample – defendant's completion of sentence did not eliminate
19   government's interest in retaining the DNA profile in CODIS).  The government asserts the
20   return of some of the property would be potentially harmful to the interests of the victim as
21   these items actually constitute instrumentalities of the conviction.

22   Shepard argues the return of items is, in effect, not potentially harmful to the victim
23   as the government had been required to disclose all of the items during pre-trial disclosure.
24   However, Shepard also stated there was a question as to whether he could find the copies
25   previously disclosed to him.  Further, the Court considers the condition of original items may
26   differ from copies disclosed to Shepard (e.g., quality of handwritten notes or color versus
27   black and white photos).

28

In *United States S. v. Harrell*, 530 F.3d 1051 (9th Cir. 2008), the court found that audio video replicators and their respective programmers, which were used to transfer piracy software and program piracy devices, were contraband per se. They were configured to "insert or modify telecommunication identifying information[.]" 530 F.3d at 1060. Here, although possession of items related to the victim, without more, does not constitute a crime, Shepard used them in an unlawful manner. Indeed, items referencing the victim are contraband *as used in this case*.[2] The Court finds the government has established a legitimate reason to not return the property to Shepard.

Accordingly, IT IS ORDERED:

1. The Motion for Order to Show Cause Hearing Re: FBI Returning Property (Doc. 950) is GRANTED IN PART AND DENIED IN PART.

2. Shepard shall notify the government within ten days of the date of this Order if he wishes to receive the property at an address other than the address of record in this case. The government shall return, within 30 days of the date of this Order, the following items to Shepard at his address of record unless Shepard provides an alternate address:

    a. Item 1(b)(6) – clipboard with handwritten notes.

    b. Item 1(b)(9) – file marked the sex machine.

    c. Item 1(b)(10) – planner with hand written notes.

3. The government shall not return the following items to Shepard:

    a. Item 1(b) 2 – miscellaneous file with victim's name. This item includes 50-60 references to the victim and references to other women. The Court declines to direct the government to separate documents which include references to the victim from documents that do not include references to the victim. Further, for public safety reasons, the Court finds the government has shown a legitimate reason to not return property to Shepard that includes references to other women.

    b. Item 1(b)(4) – three Franklin planners that include references to the

---

[2] The items are not contraband per se. *See Harrell*, 530 F.3d at 1057, *citations omitted* ("An object is contraband per se if its possession, without more, constitutes a crime; or in other words, if there is no legal purpose to which the object could be put.").

- 3 -

        victim. The Court declines to direct the government to separate documents which include references to the victim from documents that do not include references to the victim.

    c. Item 1(b)(7) – hand printed notes and several other notes which include references to the victim.

    d. Item 1(b)(5) – Seagate hard drive which includes numerous references to the victim and other evidence of the crime including photographs, notes, journal and e-mails.

    e. Item 1(b)(7) – handwritten notes which include references to the victim.

    f. Item 1(b)(8) – laptop hard drive taken from a Dell laptop which contains numerous references to the victim and other evidence of the offenses.

4. The government shall retain the non-returned property until and if a mandate is issued in this case affirming the Court's decision as to the return of the property. In the event the Court's decision is affirmed, Shepard shall notify the government within 30 days of the mandate if he seeks the return of wiped/cleaned electronic items (i.e., Items 1(b)(5) and 1(b)(8)). All of the property may be destroyed if the government is not notified within 30 days of the mandate that Shepard seeks return of the wiped/cleaned electronic items. If a timely notice of appeal is not filed by Shepard, the government may immediately destroy the items.

DATED this 1st day of September, 2020.

_____
Cindy K. Jorgenson
United States District Judge

- 4 -